**Ramon PEREZ, Plaintiff,**

v.

**METROPOLITAN CORRECTIONAL CENTER WARDEN; Correctional Officer Mr. Ramsammy; Correctional Officer Mr. Medina; Correctional Officer Mr. Golden; Correctional Officer Mr. Rodriguez; other Unknown Correctional Officers who Worked in R & D on July 20, 1992, Defendants.**

No. 95 Civ. 4602(SS).

United States District Court, S.D. New York.

May 26, 1998.

Prof. Shelby D Green, White Plains, NY, for Plaintiff.

Mary Jo White, United States Attorney by Neil Corwin, Ass't United States Attorney, New York City, for Defendants.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

Plaintiff, Ramon Perez, originally filed this *Bivens* action in June 1995, seeking monetary damages for events arising out of his incarceration at Metropolitan Correctional Center ("MCC") in July 1992. The complaint was dismissed *sua sponte* by Chief Judge Griesa as lacking "an arguable basis in law or in fact" pursuant to 28 U.S.C.

§ 1915(d).[1] Upon appeal, the Second Circuit remanded the complaint to this Court on the limited question of whether defendants' alleged loss or destruction of plaintiff's legal papers violated his constitutional right of access to the courts. Defendants now move to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) or alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56(b). For the reasons discussed below, the Court grants the defendants' motion for summary judgment[2] in its entirety and dismisses the complaint.

## BACKGROUND

In the original complaint, plaintiff alleged that defendant correction officers conspired with plaintiff's cellmate, Kenneth Baez, to trick plaintiff's family into paying him over ten thousand dollars to secure plaintiff's release on bail pending appeal.[3] In addition, plaintiff claimed that his personal property, including legal documents, were never forwarded to Otisville from MCC Plaintiff alleged that correction officer Ramsammy was the person responsible for "packing up" and sending plaintiff's belongings to Otisville. While unclear, plaintiff alleges that this act was part of a conspiracy involving correction officers at MCC and inmate Kenneth Baez. However, plaintiff also argues that his legal documents may have been lost by correction officials.

After entry of the district court's order and judgment dismissing the complaint, plaintiff filed a notice of appeal in the Second Circuit and moved to proceed *in forma pauperis*. The Second Circuit granted plaintiff's motion to proceed *in forma pauperis*:

> for the following limited purpose: appellant may present argument on the issue of whether the allegations in the complaint regarding the loss of legal documents states a non-frivolous claim for denial of access to the courts.

The Second Circuit affirmed the district court's dismissal of the conspiracy claim, finding that "plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights." The Circuit also affirmed the district court's dismissal of plaintiff's loss of personal property claim as plaintiff had failed to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–80.

Thereafter, defendants moved to remand the complaint for the limited purpose of litigating the lost legal documents claim. The Second Circuit granted defendants' motion and remanded the action to this Court "for further proceedings on the issue of whether [plaintiff's] right of access to the courts was violated." The amended complaint recounts in substance the same facts alleged in plaintiff's initial complaint. However, the amended complaint details the legal materials lost and the harm plaintiff allegedly suffered as a result of their loss. According to the amended complaint, plaintiff lost "reports of drug enforcement officers, court orders, transcripts and other legal materials necessary and relevant to plaintiff's then forthcoming sentencing and appeal of his conviction." The complaint also alleges that these materials "would have enabled plaintiff to make challenges to the quantity of illegal substances seized by drug enforcement officers as it related to the appropriate punishment for his conviction; the sufficiency of the evidence for a conviction, and the competence and credibility of prosecution's witnesses." Amended Complaint at ¶ 11. According to plaintiff, because MCC lost "DEA Reports," he was unable to challenge his sentence with respect to the quantity of cocaine seized during his arrest. Perez. Dec. at ¶ 3. In addition, plaintiff maintains that because he did not have documents pertaining to his co-defendant, he was unable to appeal his conviction based on his trial counsel's failure to challenge the co-defendant's competence and credibility. Perez. Dec. at ¶ 4.

---

1. Now codified at 28 U.S.C. § 1915(e)(2).

2. As I will be considering matters outside of the original pleadings, I treat the motion as one for summary judgment under Rule 56.

3. Kenneth Baez was subsequently convicted of grand larceny as a result of this act

## SUMMARY JUDGMENT STANDARD

Summary judgment may not be granted unless the submissions of the parties taken together "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir.1995). It is the moving party who bears the

> initial responsibility ... of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Federal Deposit Ins. Corp. v. Giammettei,* 34 F.3d 51, 54 (2d Cir.1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party has provided sufficient evidence to support a motion for summary judgment, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts asserted by the movant. Fed.R.Civ.P. 56(e); *accord Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525–26 (2d Cir.1994).

■ When deciding a motion for summary judgment, this Court must "view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in its favor" *American Casualty Co. v. Nordic Leasing, Inc.,* 42 F.3d 725, 728 (2d Cir.1994). Where, as here, a party is proceeding pro se, this Court also has an obligation to "read [the pro se party's] supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994); *accord, Soto v. Walker,* 44 F.3d 169 (2d Cir.1995). However, a pro se party's "bald assertion," completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment. *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991). Rather, to overcome a motion for summary judgment, the non-moving party must provide this Court with some basis to believe that his or her "version of relevant events is not fanciful." *Christian Dior–New York, Inc. v. Koret, Inc.,* 792 F.2d 34, 38 (2d Cir. 1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). Thus, in determining whether to grant summary judgment, this Court must determine (i) whether a factual dispute exists based on the evidence in the record, and (ii) whether, based on the substantive law at issue, the disputed facts are material.

## DISCUSSION

■ Indigent inmates have a constitutional right to meaningful access to the Courts *Bounds v. Smith,* 430 U.S. 817, 832, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). As *Bounds* recognized, "meaningful access" may be accomplished in different ways. The relevant inquiry is whether the inmate has been given a "reasonably adequate opportunity" to present his claim. *Bounds,* 430 U.S. at 825, 97 S.Ct. 1491 "Availability of legal assistance at government expense ... is a constitutionally permissible means of access." *United States v. Wilson,* 690 F.2d 1267, 1271 (9th Cir.1982), *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983). If an inmate is provided with legal counsel, the inmate is given a "reasonably adequate opportunity" to present his claim and there is no violation of constitutional of magnitude. *See e.g., Martin v. Tyson,* 845 F.2d 1451, 1455 (7th Cir.1988) (inmate who was denied law library access but had court-appointed counsel suffered no injury); *Bassett v. Hastings,* 990 F.2d 1255, 1255 (9th Cir.1993) (same); *Howland v. Kilquist,* 833 F.2d 639, 642 (7th Cir.1987) (no detriment shown by denial of legal materials where inmate had assigned counsel); *Nicholas v. Remillard,* No. 92 CV 900, 1997 WL 711385 (N.D.N.Y. Nov.13, 1997) ("When an inmate is represented by counsel he may not insist upon another means of court access of his or her own choosing.").

■ The "concern is whether the indigent defendant is assured an adequate, effec-

tive and meaningful opportunity to present his claims to the court. (citations omitted). Appointed counsel, whether provided through the court's exercise of discretion or by the state, assures the inmate of that opportunity." *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir.1981) ("[w]hen an inmate is represented by counsel he may not insist upon another means of court access of his or her choosing"). It is uncontested that plaintiff had counsel throughout every stage of his criminal proceedings.[4] As such, plaintiff's access to the courts claim must fail. Plaintiff has no constitutional right to "hybrid" representation-simultaneously pro se and by counsel. *Faretta v. California,* 422 U.S. 806, 832, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Plaintiff was represented by counsel and his conclusory and unsubstantiated allegations of ineffective counsel are insufficient to withstand defendants' motion for summary judgment. *See Wilson,* 690 F.2d at 1271; *Storseth,* 654 F.2d at 1353.

Plaintiff has failed to demonstrate that he suffered any actual injury from his alleged denial of access to the courts. *See Johnson v. Coughlin,* 1990 WL 150469 at *4-5 (S.D.N.Y. Oct.2, 1990) (alleged confiscation of legal materials did not interfere with right of access to the courts where plaintiff was represented by counsel and had the opportunity to request return of lost materials); *Howard v. Leonardo,* 845 F.Supp. 943, 946-48 (N.D.N.Y.1994) (confiscation of typewriter that had inmates's brief in its memory did not violate right of access to the courts where inmate's attorney filed timely brief). Neither the amended complaint nor plaintiff's opposition papers contain any allegations that plaintiff's *attorney* was without the legal documentation necessary to challenge plaintiff's conviction. In addition, while plaintiff charges that his counsel did not challenge plaintiff's sentence and conviction on certain grounds, plaintiff does not contend, nor are there facts that indicate, that counsel was

---

**4.** I refer only to plaintiff's criminal trial and appeal as plaintiff has made no claim involving post-conviction proceedings.

**5.** Given the nature of the allegedly lost documents, i.e., court transcripts, court orders and discovery materials, there is no reason to believe that plaintiff's counsel did not have these materi-

*unable* to raise these legal claims.[5] *See e.g., Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 2179-81, 135 L.Ed.2d 606 (1996) (in order to establish standing to pursue a right of access to the courts claim, an inmate must show a concrete injury, i.e., an act that actually hinders an inmate's efforts to pursue a legal claim challenging his or her conviction or the conditions of his or her confinement); *see also Monsky v. Moraghan,* 127 F.3d 243 (2d Cir.1997) (quoting *Lewis,* 116 S.Ct. at 2179–2180).

## CONCLUSION

For the reasons discussed, the Court grants defendants' motion for summary judgment in its entirety and dismisses the complaint. The Clerk shall enter judgment accordingly For the purposes of appeal, I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this opinion would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

---

als or would have been unable to secure copies. There is also no evidence presented by plaintiff that counsel's decision to forego certain arguments was based on his inability to obtain such documents rather than his assessment of the merits of these arguments.