**Ira Lee JACKSON, Plaintiff,**

v.

**BROOME COUNTY CORRECTIONAL FACILITY; Larry S. Fisher, Commissioner; Dr. Gleeson, Medical Staff, Defendants.**

**No. 97–CV–1254 (LEK/GJD).**

United States District Court,
N.D. New York.

March 16, 2000.

Ira Lee Jackson, Willard Drug Treatment Campus, Willard, NY, pro se.

Cheryl Insinga, O'Connor, Gacioch, Pope & Tait, L.L.P., Binghamton, NY, for Defendants.

### MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

The Court here addresses the question of what consequences must flow from defects in a movant's statement of material facts, which is a required submission in support of a summary judgement motion. At issue is a defective statement that contravened the District's Local Rules by failing to present each purported material fact in the proper form—in a separate, numbered paragraph—and by failing to provide a specific citation to the record to establish each fact. Such defects undermine the ability of both nonmovant and court to make a cogent and coherent assessment of the motion. Even *apart* from that important consideration, however, the Court has little discretion in its response to such defects. The Local Rules assign these statements a crucial role in summary judgement motions, and specifically make the formal requirements of the movant's statement indispensable: the Rules demand that the form of the *nonmovant's* response statement of material facts flow directly from that of the movant's statement. If the movant's statement is sufficiently defective, then the nonmovant simply cannot comply with the Local Rules in his response statement.

#### I. *Background*

Plaintiff Mr Ira Lee Jackson brings this prisoner civil rights action, alleging denial of proper medical care during his incarceration at the Broome County Jail.

#### II. *Motions*

Now before the Court is Defendants' motion for summary judgment dismissing the complaint pursuant to Fed.R.Civ.P. 56(b). (*See* Notice Mot. for Summ. J. (Doc. 49, 3 May 1999).)

#### III. *Discussion*

##### A. *Northern District Motion Practice*

Our Local Rules of Practice include the following provision:

**3. Summary Judgment Motions.**

Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact[1] the moving party contends there exists no genuine issue. Each fact listed

---

**1.** The drafting of the Rule appears to have left this sentence grammatically incomplete. It would seem that the phrase "each material fact" ought to be followed by a phrase such as "as to which".

shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. *Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.*

The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. *Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.*

L.R. 7.1(a)3. Defendants' statement of material facts in support of their summary judgment motion did not comply with this Rule. The statement failed to set forth "each material fact [as to which] the moving part[ies] contend[ ] there exists no genuine issue" in a numbered paragraph, and failed to "set forth [for each fact listed] a specific citation to the record where the fact is established." (*See* Statement of Undisputed Facts (Doc. 55, 19 May 1999).)

Our District's requirements are not empty formalities. Rules such as L.R. 7.1(a)3 "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way—thus facilitating its judgment of the necessity for trial." *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir.1995). Each of these functions is vital. When a party fails to comply with these provisions it is unfair to its adversary, which has a right to know the factual bases of its opponent's case and the specific foundations for those assertions of fact; and its conduct is adverse to the conservation of judicial resources, which are most efficiently deployed when the parties fulfill their adversarial functions in a rigorously organized, coherent fashion.

The non-movant is required to respond to the movants' statement of material facts, and if he fails to controvert the facts that the movants have set forth, the Court will deem those facts admitted as uncontroverted for the purpose of the motion. (For that reason, as well, specific citations to the record are crucial.) Consequently, it would be manifestly unjust to require the non-movant to proceed in a summary judgment motion in which the movants' non-compliance has so severely prejudiced his ability to respond as the Local Rules require. Accordingly, the Court finds that Defendants did not set forth a statement of material facts in compliance with the Local Rules. The Court will therefore DENY the motion, with LEAVE TO REFILE.

If Defendants do refile this motion, all parties must comply with the Local Rules as amended 1 January 1999. Parties may obtain copies of the current Local Rules from the Clerk's office, or at the Court's web site, at <http://www.nynd.uscourts.gov/local-rul.htm>.

Both parties should also play close attention to requirements for the forms of papers, detailed at Local Rule 10.1. "All pleadings, motions, and other documents presented for filing should [have] ... pages consecutively numbered ...." L.R. 10.1(a). Some filings in this case have failed to comply with that provision. Furthermore, all documents presented for filing must have a three-inch top margin on the *first* page. *Id.* In the present case both sides have notably failed to comply with that requirement. Note, too, that affidavits and declarations must be separately captioned, and must *not* be physically attached to the Notice of Motion or Memorandum of Law. L.R. 10.1(b)1.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendants' motion for summary judgment against Plaintiff is **DENIED, with LEAVE TO REFILE;** and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.