John M. ZDZIEBLOSKI, Jr., Plaintiff,

v.

The TOWN OF EAST GREENBUSH, New York; Michael Van Voris, Supervisor, Town of East Greenbush; Brian Hart, Councilman, Town of East Greenbush; Joan Malone, Councilwoman, Town of East Greenbush; Virginia O'Brien, Councilwoman, Town of East Greenbush; the Town Board, Town of East Greenbush; Patrick T. Maney, Town Attorney, Town of East Greenbush; and Robert Angelini Town Engineer and Director of the Department of Building and Development of the Town of East Greenbush; Each Individually and in Their Official Capacities, Defendants.

No. 1:96–CV–1040 (LEK/DRH).

United States District Court, N.D. New York.

Sept. 23, 2004.

Lewis B. Oliver, Jr., Oliver, Oliver Law Firm, Albany, NY, for Plaintiff.

Daniel J. Stewart, Dreyer, Boyajian Law Firm, Thomas J. O'Connor, Napierski, Vandenburgh Law Firm, William D. Yoquinto, Carter, Conboy Law Firm, Albany, NY, for Defendants.

## MEMORANDUM–DECISION AND ORDER [1]

KAHN, District Judge.

### I. Background

Plaintiff John M. Zdziebloski, Jr. ("Zdziebloski" or "Plaintiff") commenced

1. For printed publication in the Federal Reporter.

this action against the individual and municipal Defendants pursuant to 42 U.S.C. §§ 1983 and 1988, asserting that his First Amendment rights of speech and association were violated by Defendants. Zdziebloski also alleges violations of New York Labor Law § 201(d) and New York Civil Service Law § 107(1), as well as breach of contract or quasi-contract claims. These claims arise out of the actions of the Town Board ("Board") terminating Zdziebloski's employment position as Assistant Building Inspector, failing to hire him subsequently as Building Inspector, and withholding pay for accrued vacation, personal, and sick time because of Zdziebloski's refusal to sign a release of all claims against the Town of East Greenbush ("Town"). Presently before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II. Facts

Zdziebloski was employed by the Town of East Greenbush beginning in 1985, and was appointed to the full-time position of Assistant Building Inspector for the Town in January, 1994. Plaintiff's Amended Complaint at ¶ 23. At all times pertinent to his claims, Zdziebloski was an active member of the Republican Party who participated in Party activities. *Id.* at ¶ 24. Defendants Van Voris, Malone, O'Brien, Maney, and Angelini are registered Democrats, and Hart is a member of the Conservative Party (which cross-endorses the Democratic Party). *Id.* at ¶ 25.

From 1985–93, the Board was controlled by a Republican majority, but since 1993 there has been a four-to-one Democratic/Conservative majority (three Democrats, one Conservative, and one Republican). *Id.* at ¶ 28. During the 1995 Board elec-

tion campaigns, Zdziebloski was an active campaigner for Republican candidates. *Id.* at ¶ 29 He contributed money and attended fund-raising events. *Id.* After that year's election, however, there remained a four-to-one Democratic/Conservative majority. *Id.* at ¶ 31.

On December 13, 1995, the Board passed a Resolution that laid off seven employees in various departments of the Town, including Zdziebloski. *Id.* at ¶ 32. Three of the seven employees laid off were non-Democrats. *Id.* at ¶ 35. The Resolution states that the reason for the layoffs was a need for a reduction in force. *Id.* at ¶ 32. Defendant Angelini asserts that he reviewed the Building Department and found a decrease in development, and recommended reorganization to the Board. Plaintiff's Amended Complaint at ¶ 37; Angelini Affidavit at ¶¶ 2–4. Defendants Hart, Malone, and O'Brien all claim to have voted in favor of the reorganization that included the termination of Zdziebloski's position because of decreased development in the Town. Hart Affidavit at ¶ 5; Malone Affidavit at ¶ 10; O'Brien Affidavit at ¶¶ 3–4. However, Zdziebloski asserts that this was mere pretext, and that the true reason for his position being terminated was that he was affiliated with the Republican Party, he actively campaigned for Republican candidates, and he exercised his First Amendment right to engage in protected speech. Plaintiff's Amended Complaint at ¶¶ 22, 32–33. Indeed, Van Voris made several statements that indicated that his votes in favor of the layoffs and reorganization were politically motivated.[2] *Id.* at ¶ 38. Zdziebloski contends that no studies were done by Angelini, and further claims that the Building Department was understaffed at the time the

---

**2.** For example, in response to a question about the reorganization, Van Voris responded, "Of course we're doing it to give Democrats more control. That's what politics is all about. If Republicans were in control here it would be the other way around." Plaintiff's Memorandum at 17.

reorganization took place. Plaintiff's Statement of Material Facts at ¶ 11.

Defendant Town Attorney Maney wrote a letter to Zdziebloski on December 18, 1995, notifying him that his position of Assistant Building Inspector would be terminated as of December 29, 1995 due to the reorganization and consolidation of the Building Department. Plaintiff's Amended Complaint at ¶ 33. Zdziebloski again contends that this reason was a pretext. *Id.* On February 14, 1996, the Board passed Local Law No. 1 of 1996, which abolished the former Building Department and created the new Department of Building and Development. *Id.* at ¶ 36.

After Zdziebloski's position was terminated, he demanded that he receive pay for his accrued, unused vacation, personal, and sick time. *Id.* at ¶ 49. The Assistant Building Inspector position was a non-union position. Defendants Statement of Material Facts at ¶ 4; Plaintiff's Statement of Facts at ¶ 4. Under Local Law No. 2 of 1989, non-union employees who *retire* are entitled to compensation for unused vacation and personal time. Defendants' Statement of Material Facts at ¶ 33; Plaintiff's Statement of Material Facts at ¶ 33. Section 2(5) of that same law states that "non-union employees *not* covered by this Local Law *may* be compensated in accordance with provisions number 1, 2, 3 of said Local Law at the sole discretion of the Town Board." Defendants' Statement of Material Facts at ¶ 35; Plaintiff's Statement of Material Facts at ¶ 35 (emphasis in original). Zdziebloski claims that he was told that non-union employees like himself would be accorded the same benefits as union employees. Plaintiff's Amended Complaint at ¶ 50. However, Zdziebloski also understood that it was the policy of the Town to require a general release of all claims against it from non-retiring, non-union employees like himself in exchange for this compensation. Defen-

dants' Statement of Material Facts at ¶ 36; Plaintiff's Statement of Material Facts at ¶ 36.

On January 4, 1996, the Board unanimously passed a Resolution authorizing Van Voris to settle the claims under the criteria in Local Law No. 2 of 1989 for retirees. Defendants' Statement of Material Facts at ¶ 40; Plaintiff's Statement of Material Facts at ¶ 40. The Resolution also required a general release from Zdziebloski, releasing all claims against the Town, in exchange for the payment. *Id.* Pursuant to the instructions of Van Voris and then-Town Clerk Verna McFarland, Zdziebloski submitted a form to claim his compensation. Plaintiff's Amended Complaint at ¶ 51. Van Voris required Zdziebloski to sign the release, but Zdziebloski refused to sign it. *Id.* at ¶ 54. Therefore, he did not receive that pay. Zdziebloski claims that no other employees that were laid off were required to sign a release. *Id.* at ¶ 55. He contends that he was required to sign the release because of his campaign activities and affiliation with the Republican Party. *Id.*

While on duty as Assistant Building Inspector, Zdziebloski regularly solicited wood from local builders, contractors, and developers. Defendants' Statement of Material Facts at ¶ 17; Plaintiff's Statement of Facts at ¶ 17. While employed by the Town as Assistant Building Inspector, he received at least three truck loads of free wood from Marini Builders, four truck loads of free wood from Ed Brzozowski, and two to three truck loads of free wood from Traditional Builders. Defendants' Statement of Material Facts at ¶¶ 19–21; Plaintiff's Statement of Material Facts at ¶¶ 19–21. Each was a local developer, builder, or contractor. *Id.* This was known to the Board Members prior to the decision to hire Donald Servidone ("Servi-

done") in January. Plaintiff's Statement of Facts at ¶ 17.

In January of 1996, Servidone, a member of the Conservative Party, was rehired on an interim basis, and was rehired by Resolution of the Board on March 13, 1996 as an interim, full-time Assistant Building Inspector. Plaintiff's Amended Complaint at ¶ 39. Both Servidone and Zdziebloski had completed the required civil service exam with equal scores, and were two of the three names placed on the Certificate of Eligibles provided by the Rensselaer County Civil Service Commission. *Id.;* Defendants' Statement of Facts at ¶ 15. Servidone was appointed permanently as Building Inspector by the Board on November 13, 1996. Plaintiff's Amended Complaint at ¶ 39. Zdziebloski has not been rehired by the Town. *Id.* at ¶ 40. Zdziebloski contends that it is due to his political affiliation, campaign activities, exercise of protected speech, and filing a notice of claim (on March 7, 1996) and lawsuit (on June 25, 1996) against the Town. *Id.* at ¶ 39.

## III. Discussion

### a. Rule 7.1(a)(3)

Zdziebloski asserts that Defendants' motion should be dismissed pursuant to Local Rule 7.1(a)(3). Local Rule 7.1(a)(3) sets forth specific requirements for the Statement of Material Facts for a summary judgment motion:

> Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there is no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established.... *Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.*

N.Y.N.D. L.R. 7.1(a)(3) (emphasis in original).

 Zdziebloski contends that Defendants' Statement of Material Facts is insufficient under Rule 7.1(a)(3) for not being "accurate and complete" by failing to set forth all of the material facts that the Defendants deem undisputed. Plaintiff's Memorandum at 1. While it is correct that a failure to comply with Rule 7.1(a)(3) is grounds for denying the motion for summary judgment, there is no such failure here. Defendants set forth all of the facts that are material to their motion and about which they believe there is no genuine dispute. Each fact is presented in a numbered paragraph with a citation to the record, as required by Rule 7.1(a)(3). In addition to responding directly to Defendants' Statement of Material Facts, Zdziebloski includes in his Memorandum one page of facts that were not discussed in Defendants' Statement of Material Facts. *Id.* at 1–3. However, the facts that Zdziebloski includes in his Memorandum are not material to Defendants' motion for summary judgment. A fact is material if it " 'might affect the outcome of the suit under the governing law.' " *Konikoff v. Prudential Ins. Co. of America*, 234 F.3d 92, 97 (2d Cir.2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Some of the "facts" that Zdziebloski claims that Defendants did not include are actually legal conclusions (for example, "that the plaintiff's alleged conduct regarding the firewood did or did not actually violate any provision of the Code of Ethics"). Plaintiff's Memorandum at 2. Other facts are not material to the motion for summary judgment (i.e. they do not affect the outcome), and were therefore unnecessary in Defendants' Statement of Material Facts. Zdziebloski contends that he is prejudiced by the Statement submitted by the Defendants, but there is no support for

that contention. His assertion that there is "nothing for plaintiff to respond to" is obviously incorrect. Defendants' Statement of Material Facts contains sufficient facts to which Zdziebloski has in fact responded in his Memorandum.

Zdziebloski cites two cases, including one by this Court, in which motions were denied based upon a violation of Rule 7.1(a)(3). However, those decisions are inapposite to the present motion. The order in *Lee v. Glessing,* dismissing a motion for summary judgment, describes the offending statement of material facts as "four short paragraphs" which contained legal arguments and did not specifically cite to the record. No. 99–872, slip op. at 2 (N.D.N.Y. January 17, 2001) (Munson, J.). This certainly does not describe the Statement of Material Facts provided by Defendants. Defendants' Statement of Material Facts contains all of the material facts as to which there is no genuine issue that are necessary to support its motion for summary judgment, and in the format required by Rule 7.1(a)(3).

The decision by this Court in *Jackson v. Broome County Corr. Facility,* 194 F.R.D. 436, 437 (N.D.N.Y.2000) (Kahn, J.) is similarly unhelpful to Zdziebloski's position. The statement of material facts in that case consisted of less than two pages of facts that were not in numbered paragraphs and had no citations to the record. Further, this Court found that the defect and the resultant prejudice to the non-moving party was in the form, not the substance, of the statement. The statement violated Rule 7.1(a)(3) "by failing to present each purported material fact in the proper form—in a separate, numbered paragraph—and by failing to provide a specific citation to the record to establish each fact." *Jackson,* 194 F.R.D. at 436. There is no such objection here to the form of the Defendants' Statement of Material Facts.

As Defendants' Statement of Material Facts complies with Rule 7.1(a)(3), summary judgment will not be denied on that ground.

**b. Summary Judgment Standard**

██ Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In applying this standard, courts must " 'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.' " *Brown v. Henderson,* 257 F.3d 246, 251 (2d Cir.2001) (quoting *Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 216 (2d Cir.2001)).

██ Once the moving party meets its initial burden by demonstrating that no material fact exists for trial, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted). The nonmovant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." *Brown,* 257 F.3d at 251 (citation omitted). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991); *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990).

**c. Section 1983 Claims**

**i. Personal Involvement Requirement**

██ To sustain a § 1983 claim, the plaintiff must show that there was suffi-

cient personal involvement in the alleged constitutional deprivations on the part of the defendants. *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir.1991); *Schallop v. New York State Dept. of Law*, 20 F.Supp.2d 384, 392 (N.D.N.Y.1998). Unless the defendant is a supervisor[3], he or she must have directly participated in the alleged constitutional deprivation to be liable under § 1983. *Schallop*, 20 F.Supp.2d at 392.

■ According to Zdziebloski, Town Attorney Maney served as an advisor to the Board Members, drafted the release for Zdziebloski to sign to get his compensation, and investigated the allegations regarding the firewood. Plaintiff's Memorandum at 24–25. However, each of the decisions about which Zdziebloski complains are decisions made by a vote of the Board. As Maney was not a voting member of the Board, none of his participation was sufficiently direct to create liability for § 1983 purposes. His position as a legal advisor to the Board is insufficient. Involvement in discussions that lead to a decision is not personal involvement under § 1983. *Schallop*, 20 F.Supp.2d at 392. Further, Maney did not have the authority to require a release of all claims, nor to rehire Zdziebloski. Maney drafted the release *after* the decision had already been made by the Board to make the receipt of compensation by Zdziebloski dependent upon his signing a release of all claims against the Town. Moreover, Zdziebloski is not seeking relief for the investigation into the firewood incidents; he is seeking relief for the failure to rehire. That the results of Maney's investigation were given by the Board Members as the reason for their failure to rehire Zdziebloski is not direct involvement on the part of Maney in the decision not to rehire.

■ Similarly, Angelini was not personally involved in the decisions from which Zdziebloski is seeking relief. With regards to the termination of Zdziebloski's position, Angelini, like Maney, had no authority to terminate the position, as this was vested in the Board. At most, Angelini was involved with discussions prior to the termination, which is insufficient. *Schallop*, 20 F.Supp.2d at 392. Zdziebloski also asserts that Angelini should be held liable because he did not rehire or consider rehiring him, but instead submitted Servidone's name to the Board. However, Angelini did not have any authority over the rehiring process; it was done by vote of the Board. Merely submitting a name for a decision is not the type of direct personal involvement in a constitutional violation required under § 1983; § 1983 has a higher threshold. Angelini's authority, at most, was only to recommend someone for the position, not to make any actual decision, and there is no indication that the Board did not have the authority to disregard Angelini's recommendation. Angelini's involvement is analogous to involvement in discussions leading to the decision about whom to rehire, not participating in the decision itself. Therefore, Angelini was not personally involved in any alleged constitutional violation.

Because neither Maney nor Angelini had sufficient direct personal involvement as required to sustain a § 1983 claim, summary judgment as to all claims against them is granted.

### ii. Legislative Immunity

The individual Defendants contend that they are entitled to the absolute protection

---

**3.** Zdziebloski does not contend that Angelini and Maney were supervisory personnel under § 1983 with regards to the termination of the position, failure to rehire, or the requirement of a release for compensation. They also had no supervisory authority over the Board Members, who were the ones who did have the power to make such determinations.

of legislative immunity with regard to the termination of Zdziebloski's position because their relevant actions, voting as members of the Board, were legislative in nature. For the reasons that follow, summary judgment is granted with respect to that portion of Plaintiff's first claim against Defendants Van Voris, Hart, Malone, and O'Brien.

■ Legislative immunity shields legislators from personal civil liability for their legislative activities. *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); *Harhay v. Town of Ellington Bd. of Educ.,* 323 F.3d 206, 210 (2d Cir. 2003). For § 1983 actions, this immunity has been extended to local legislators. *Bogan v. Scott–Harris,* 523 U.S. 44, 49, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998); *Carlos v. Santos,* 123 F.3d 61, 66 (2d Cir.1997).

■ The determination of whether an act is sufficiently legislative " 'turns upon the nature of the act, rather than on the motive or intent of the official performing it.' " *Harhay,* 323 F.3d at 210 (quoting *Bogan,* 523 U.S. at 54, 118 S.Ct. 966). Further, the entitlement to immunity depends not upon the identity of the actor, but rather on the nature of the act itself. *Harhay,* 323 F.3d at 210. Therefore, to determine whether Defendants are entitled to legislative immunity, it must first be determined whether each Defendant's actions taken regarding each of the Plaintiff's claims were legislative in function.

### (1) Board Members

The Members of the Board (Van Voris, Hart, Malone, and O'Brien) all claim an entitlement to the protection of legislative immunity for actions taken in their personal capacities[4] in voting for the reorganization that eliminated Zdziebloski's position.

■ This Circuit has recognized that "[t]he act of voting is 'quintessentially legislative.' " *Morris v. Lindau,* 196 F.3d 102, 111 (2d Cir.1999) (quoting *Bogan,* 523 U.S. at 55, 118 S.Ct. 966). When a vote reflects a "discretionary, policymaking decision implicating the budgetary priorities of the city," it clearly represents a legislative activity. *Bogan,* 523 U.S. at 55–56, 118 S.Ct. 966. The actions of the Board Members in enacting a Resolution that eliminated Zdziebloski's position satisfies this standard. Each of the defendant Board Members voted for the Resolution that terminated certain positions and reorganized the Building Department, which is precisely the type of policymaking decision with budgetary impact that the Supreme Court deemed a legislative activity in *Bogan,* 523 U.S. at 56, 118 S.Ct. 966. Therefore, as Zdziebloski concedes in his Memorandum (Plaintiff's Memorandum at 19, 21), Van Voris, Hart, Malone, and O'Brien, as members of the Board voting on the Resolution, are entitled to absolute immunity with respect to their votes in favor of the reorganization that led to the elimination of Zdziebloski's position.

■ However, the failure to rehire Zdziebloski and the requirement that a release be signed prior to disbursing accrued benefits is not protected by legislative immunity because those are not legislative activities, even when such actions are taken by a vote of legislators. Unlike terminating a position, hiring or firing a particular employee does not have effects that reach beyond that particular employee. *Bogan,* 523 U.S. at 56, 118 S.Ct. 966. Not rehiring a particular employee is an administrative personnel matter that involves no policy formulation. *Visser v. Magnarelli,* 542 F.Supp. 1331, 1333–34

---

4. The claims against the individual Defendants in their official capacities are equivalent to the claims against the Town, and therefore need not be discussed separately. *See DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir.1998).

(N.D.N.Y.1982). Therefore, the individual Defendants are not shielded by legislative immunity for that portion of Zdziebloski's first claim that concerns the failure to rehire him. Similarly, the requirement that Zdziebloski sign a release as a prerequisite to receiving accrued vacation, personal, and sick time (and withholding such pay without the signed release) is an administrative personnel matter that is not protected by legislative immunity.

#### (2) Town of East Greenbush

■ Legislative immunity does not extend to municipalities in § 1983 actions. *Carlos,* 123 F.3d at 67. Therefore, the Town is not protected by absolute immunity and could be held liable under § 1983.

#### (iii) First Amendment Claims

■ The remaining claims are those against the individual Board Members for which immunity does not apply, and those claims against the Town. As noted above, the Town is not protected by legislative or qualified immunity. *Owen v. City of Independence,* 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). However, the liability of a municipality cannot be based upon *respondeat superior. Morris,* 196 F.3d at 111. A municipality can only be held liable if "the alleged unconstitutional action implements an official 'policy or custom [of the municipality], whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Id.* (quoting *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Because the Board Members (the only personally involved individual defendants) are lawmakers for the Town, their acts can constitute a basis for municipal liability.

■ For a plaintiff to prevail on a § 1983 claim based upon retaliatory employment action in violation of First Amendment speech and associational rights, a plaintiff must establish that "'(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination.'" *Cobb v. Pozzi,* 363 F.3d 89, 102 (2d Cir.2004) (quoting *Mandell v. County of Suffolk,* 316 F.3d 368, 382 (2d Cir.2003)). This Circuit does not allow a plaintiff to rely upon "conclusory assertions of retaliatory motive to satisfy the causal link." *Cobb,* 363 F.3d at 108. There must be "'some tangible proof to demonstrate that [plaintiff's] version of what occurred was not imaginary."' *Id.* (quoting *Morris,* 196 F.3d at 111).

■ Zdziebloski has failed to satisfy the causal requirement to sustain his § 1983 claims against any Board Member Defendant, and thus, has failed against the Town as well. His assertions that he was fired, not rehired, and denied compensation because of his political affiliation and activities are conclusory statements that are not supported by any evidence, which is insufficient to defeat a motion for summary judgment. *Carey,* 923 F.2d at 21.

In support of his claim that his First Amendment rights were violated, Zdziebloski describes his active participation in Republican Party activities in anticipation of the 1995 Board election. Plaintiff's Amended Complaint at ¶ 29. Zdziebloski contends that all of the Defendants knew about his political activities, but he only provides evidence supporting this assertion against Van Voris. *Id.* at ¶¶ 30–31. The only evidence that Zdziebloski provides as to the knowledge of the other Defendants is that Hart assumed that Zdziebloski was a Republican, but was unaware of any political activities in which Zdziebloski engaged. Hart Deposition at 47–48, 50;

Plaintiff's Memorandum at 12. Malone presumed that Zdziebloski was Republican or Conservative, but had no knowledge of any of his political activities. Malone Deposition at 18–19; Plaintiff's Memorandum at 12. Zdziebloski presents no evidence whatsoever as to the knowledge of O'Brien. Therefore, although Zdziebloski contends that his political affiliation and activities were known among all Board Members, it was really only Van Voris that appeared certain of Zdziebloski's affiliation and political activities.

Irrespective of whether Hart, Malone, or O'Brien knew of Zdziebloski's Republican affiliation, he offers no more than conclusory allegations that any such knowledge affected their decisions in any way. There is no evidence that his affiliation or activities was a factor at all, let alone a motivating factor. Significantly, three of the seven people laid off by the Town's December Resolution were non-Democrats. Plaintiff's Amended Complaint at ¶ 35.

Moreover, there is no evidence that supports Zdziebloski's allegations that the reasons given for the decisions were mere pretext. The Defendant Members of the Board assert that the reason for Zdziebloski's termination was that the Building Department needed to be reorganized because of Town development had decreased. Zdziebloski contends that this reasoning is simply a cover for unconstitutional motives, but again provides no evidence that the reorganization had an improper basis other than this conclusory allegation of pretext. He offers the opinions of his experts that the former Building Department was understaffed, but provides no evidence that the new Department of Building and Development created by the Board continued or worsened the staffing issues. Zdziebloski merely contends that there were staffing problems with the Department that the Board abolished.

Similarly, Zdziebloski has offered insufficient evidence to allow a reasonable jury to conclude that the failure to rehire was because of his political affiliation or activities. The knowledge of the Board Members as to any of Zdziebloski's political activities at the time that Servidone was originally rehired was the same as it was when Zdziebloski was terminated. Zdziebloski offers no additional evidence regarding failure to rehire that would indicate a political motive on the part of Hart, Malone, or O'Brien. As with the allegations about the termination of his position, his allegations that Board Members Hart, Malone, and O'Brien failed to rehire him because of his political affiliation or activities are similarly without merit.

Further, Defendants claim that the reason for their failure to consider Zdziebloski for the position was his acceptance of free truckloads of firewood from local developers and contractors for his personal use. Defendants', Memorandum at 18–20. As was the case with the termination, Zdziebloski offers no evidence indicating that this is mere pretext. It is undisputed that Zdziebloski received truckloads of firewood from at least three local contractors or developers on several occasions.[5] Although Zdziebloski contends that no one ever told him that he was not permitted to receive free firewood from local developers (Plaintiff's Memorandum at 14), the Town had a Code of Ethics in effect at the time that he received this firewood, which states, in pertinent part:

> No town employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction ... which is in substantial conflict

---

**5.** Zdziebloski also claims to have purchased truckloads of wood from a fourth local con-

tractor. Plaintiff's Statement of Facts at ¶ 29.

with the proper discharge of his duties in the public interest.

Town of East Greenbush, N.Y., Code of Ethics, Local Law No. 1 of 1974 § 15.2B. The Code of Ethics also states that "no town employee shall use or attempt to use his official position to secure unwarranted privileges or exemptions for himself or others." *Id.* at § 15.2C(3). Further, the Code prohibits employees from engaging "in any transaction as representative or agent of the town with any business entity in which he has a direct or indirect financial interest that might reasonably tend to conflict with the proper discharge of his official duties." *Id.* at § 15.2C(4). Also, "[a] town employee shall not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of official duties...." *Id.* at § 15.2C(5).

The Board Members were aware of the incidents of Zdziebloski getting free firewood from local contractors and developers when it was time to hire a new interim Assistant Building Inspector. In late 1995, there were rumors that Zdziebloski was accepting free wood from local developers and contractors, and Maney conducted an investigation. Plaintiff's Memorandum at 25. The Defendant Board Members assert that they became aware of this in late December or early January. Defendants' Memorandum at 17. Maney himself reported this to at least one Board Member in late December of 1995. Defendants' Statement of Material Facts at ¶ 27; Plaintiff's Statement of Material Facts at ¶ 27. Zdziebloski presents no evidence that the Board Members knew about the receipt of firewood before the Resolution to terminate Zdziebloski's position was passed. It is clear that the receipt of free wood from local contractors by an Assis-

tant Building Inspector runs afoul of the Code of Ethics, and is sufficient reason for refusing to rehire him when a vacancy became open.

Although Van Voris made several statements that create a factual issue as to his personal motivation in voting for termination of Zdziebloski's position and subsequently rehiring Servidone, that does not preclude granting summary judgment against Zdziebloski for all of the Defendants (including Van Voris himself). "Even if some defendants based their decision solely on impermissible grounds, a finding that a majority of defendants acted adversely to the plaintiff on legitimate grounds is sufficient for all to escape liability." *Coogan v. Smyers,* 134 F.3d 479, 485–86 (2d Cir.1998). If a majority, acting without unconstitutional motives, voted for the employment action, that is a " 'superseding cause breaking the causal chain between the tainted motives ... and the decision....' " *Coogan,* 134 F.3d at 486 (quoting *Jeffries v. Harleston,* 52 F.3d 9, 14 (2d Cir.1995)); *see also Gupta v. Town of Brighton,* 182 F.3d 899 (2d Cir.1999). Zdziebloski has failed to establish any unconstitutional motive for the actions of Malone, Hart, or O'Brien. As there was a majority (four-to-one) vote for each Resolution, the termination of Zdziebloski's position and the hiring of Servidone (rather than Zdziebloski) would have occurred regardless of Van Voris' vote. Therefore, neither Van Voris nor the Town can be held liable for any impermissible motive that Van Voris may have had in voting for either Resolution.

█ Finally, Zdziebloski contends that his First Amendment rights of speech and association were violated by the requirement that he sign a release in order to get compensated for his accrued vacation, personal, and sick time.[6] However, again, he

---

**6.** Zdziebloski also contends that the release requirement hindered his access to the courts.

This argument is without merit. Clearly,

offers no evidence indicating that his Party affiliation or activities were a factor at all for any of the Defendants, let alone a substantial or motivating factor. Zdziebloski acknowledges that requiring such a release is the general policy of the Town for non-union, non-retiring employees like himself. Defendants' Statement of Material Facts at ¶ 36; Plaintiff's Statement of Material Facts at ¶ 36. Moreover, Zdziebloski claims that he was the only one that had to sign the release. This indicates that none of the other terminated employees were required to sign a release, including the two other Republicans. Therefore, the decision to have Zdziebloski sign a release was not motivated by political affiliation. Further, the decision to require the release was unanimous; a Republican Board Member (Michael Poorman) also voted in favor of Zdziebloski signing the release. Defendants' Statement of Material Facts at ¶ 40; Plaintiff's Statement of Material Facts at ¶ 40.

#### d. New York State Law Claims

 Because summary judgment is granted as to all federal law claims, the Court will not exercise supplemental jurisdiction over the state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Therefore, Zdziebloski's state law claims are dismissed.

Accordingly, it is hereby

ORDERED, that Defendants' motion for summary judgment is **GRANTED**; and it is further

ORDERED, that Plaintiff's state law claims are **DISMISSED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

IT IS SO ORDERED.

---

Zdziebloski has not been denied access to the courts. A denial of access to the courts claim requires interference that "hinders [plaintiff's] efforts to pursue a legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.2003).

This requirement is more substantial than the requirement of a release to obtain a benefit to which Zdziebloski was not entitled. Zdziebloski was free at all times to pursue his claims without interference by Defendants.