**Denise JACKSON, Plaintiff,**

v.

**NOR LOCH MANOR HEALTHCARE FACILITY, Defendant.**

**No. 01–CV–6614L.**

United States District Court, W.D. New York.

Jan. 20, 2004.

Denise Jackson, pro se, Rochester, NY, for Plaintiff.

Albert R. Christiano, Christiano, Gallant & Coletti, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, District Judge.

Plaintiff, Denise Jackson, filed a complaint, *pro se*, on December 27, 2001, alleging discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Defendant, Nor Loch Manor Healthcare Facility, has moved for summary judgment dismissing the complaint. For the reasons stated, the motion is granted and the complaint is dismissed.

Plaintiff's complaint is a form complaint. In that form, plaintiff checked the line indicating that her pleading was a Title VII claim, but she failed to note that she was proceeding under the ADA. In paragraph 14 of the complaint, she alleged that the defendant's conduct was discriminatory based on her "race" and "color." She did not check the box indicating disability, although later in the complaint she makes reference to notifying her employer of a disability. (Plaintiff's Complaint, Dkt. # 1).

Plaintiff's State Division and EEOC charge, however, claim only unlawful discrimination on account of a disability. (Defendant's Motion for Summary Judgment, Dkt. # 17, Ex. A). The State Division and EEOC decisions finding no probable cause dealt with that claim only. (Dkt. # 17, Exs. C and D).

■ To the extent plaintiff's complaint suggests a claim of race discrimination pursuant to Title VII, the complaint must be dismissed. There was no EEOC filing alleging such discriminatory conduct, and that by itself requires dismissal. *See* 42 U.S.C. § 2000e–5(e); *Legnani v. Alitalia*

*Linee Aeree Italiane,* 274 F.3d 683, 686 (2d Cir.2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII ... statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court."). Furthermore, there is no evidence in the record that the decision to terminate plaintiff was based on her race. In fact, in her opposition to defendant's summary judgment motion, plaintiff makes no allegations that defendant discriminated against her because of her race. Therefore, defendant is entitled to summary judgment on any Title VII claim.

Defendant also contends that summary judgment must be granted on plaintiff's ADA claim on the grounds that plaintiff was terminated for cause due to excessive absenteeism and the failure to follow company policy concerning illnesses and leave. Defendant also moves for judgment in its favor on the ground that plaintiff has failed to make out a *prima facie* case of discrimination based on a disability. I agree with defendant's contentions.

■ First of all, I do not believe that plaintiff has made out a *prima facie* case of discrimination under the ADA. *See Regional Economic Community Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 48–49 (2d Cir.2002) (noting that ADA claims are analyzed using the *McDonnell Douglas* burden-shifting analysis). To establish such a claim and defeat summary judgment here, plaintiff must demonstrate the following: (1) that she is an individual with a disability within the meaning of the ADA; (2) that her employer is subject to the ADA and had notice of her disability; (3) that she was otherwise qualified to perform the essential functions of her position, with or without reasonable accommodation; and (4) that she was fired because of her disability. *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica*

*Cmty. Adolescent Program, Inc.,* 198 F.3d 68, 72 (2d Cir.1999); *Ryan v. Grae & Rybicki, P.C.,* 135 F.3d 867, 869–70 (2d Cir.1998).

■ Plaintiff has failed to submit any competent evidence that she had a physical impairment that substantially limited a major life activity. 42 U.S.C. § 12102(2) (defining disability). It appears, at most, that plaintiff was ill for a period of time which may have caused a short absence from work. Further, although the medical records plaintiff filed in opposition to summary judgment indicate that she had certain medical problems with an abscess, that is not enough to sustain a claim under the ADA. *See Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) ("Merely having an impairment does not make one disabled for purposes of the ADA."). Instead, to defeat summary judgment, plaintiff must establish that those problems significantly affected her ability to work or otherwise engage in a substantial life activity. *See Adams v. Master Carvers of Jamestown, Ltd.,* 00–CV–0808, 2002 WL 31194562 (W.D.N.Y. Sep.12, 2002) (collecting cases) (temporary impairments, including the need to recuperate from surgery, do not constitute substantial limitations of the major life activity of working). Therefore, defendant is entitled to summary judgment on plaintiff's ADA claim. *See Ryan,* 135 F.3d at 871–72 (affirming summary judgment to employer where employee failed to establish that disability substantially affected her ability to engage in a major life activity); *Adams,* 2002 WL 31194562, at *4 (plaintiff failed to establish that he was disabled for purposes of the ADA because his temporary need for medical leave did not substantially limit his ability to work).

■ Second, even if plaintiff did establish a *prima facie* case, she has not offered competent evidence that the reasons given by defendant for termination—absenteeism and failure to follow company rules—were a pretext for discrimination. On the contrary, the record submitted in support of the motion shows that plaintiff had a high number of unapproved absences from work and that she had received three prior warnings concerning her absenteeism and tardiness. (*See* Affidavit of Jacalyn O'Loughlin, Dkt. # 17; Employee Absentee Reports and Employee Warning Notices, Dkt. # 17, Exs. G and H). Further, plaintiff failed to rebut the defendant's evidence that this conduct violated defendant's written employment policies. (*See* Employment Rules related to unexcused absences, sick leave, and discipline for misconduct, Dkt. # 17, Exs. J, K, and L). Certainly, an employer is entitled to discharge an employee who fails to follow company rules and fails to appear for work without notification, even if the absences are attributable to a medical problem. Plaintiff has failed to provide any competent evidence that the stated reason for her dismissal was a pretext for any discriminatory action relating to any alleged disability.

■ Although I must construe plaintiff's *pro se* pleadings liberally, and interpret them as raising the strongest arguments that they suggest, *see Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994), "proceeding *pro se* does not otherwise relieve [plaintiff] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.,* 00 Civ. 8594, 2003 WL 102853,*5 (S.D.N.Y. Jan.9, 2003) (citing cases); *see also Lee v. Coughlin,* 902 F.Supp. 424, 429 (S.D.N.Y.1995) (holding that a "*pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment") (citing *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991)).

Although plaintiff believes her termination to be unfair, she must prove more than that. She must prove that she was terminated for an unlawful reason, in this case because of a disability, as that term is defined under the ADA. Defendant has submitted a legitimate reason for the termination, and plaintiff has failed to carry her burden of showing that the reasons stated, absenteeism and failure to follow company policy, were a pretext for discrimination.

## CONCLUSION

Defendant's motion for summary judgment (Dkt.# 17) is granted and the complaint is dismissed.

IT IS SO ORDERED.