**Denise JACKSON, Plaintiff–Appellant,**

v.

**NOR LOCH MANOR HCF,**
**Defendant–Appellee.**

No. 04–0689–CV.

United States Court of Appeals,
Second Circuit.

June 15, 2005.

Denise Jackson, Rochester, NY, for Appellant, pro se.

Albert R. Christiano, Rochester, NY, for Appellee.

PRESENT: OAKES, STRAUB, Circuit Judges. and HOLWELL, District Judge.[*]

**SUMMARY ORDER**

This Court's remand order of April 24, 2005 was vacated on June 8, 2005. The order was based on our impression that

---

[*] The Honorable Richard J. Holwell, of the U.S. District Court for the Southern District of New York, sitting by designation.

478

Jackson had not been apprised of the nature and consequences of summary judgment, *see Vital v. Interfaith Medical Ctr.,* 168 F.3d 615, 620 (2d Cir.1999), and it has since come to our attention that she was so apprised in a motion scheduling order filed April 29, 2003. For the reasons that follow, the judgment of the district court is AFFIRMED. Familiarity with the facts is presumed.

This Court reviews an order granting summary judgment *de novo* and considers whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted).

In order to establish a prima facie claim under the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.,* the plaintiff must show: (1) the defendant is subject to the ADA; (2) she is disabled within the meaning of the ADA; (3) she can perform the essential functions of his job with or without a reasonable accommodation; and (4) she was subject to an adverse employment action because of her disability. *See Reeves v. Johnson Controls World Servs., Inc.,* 140 F.3d 144, 149–50 (2d Cir.1998).

■ The district court properly found that Jackson failed to submit competent evidence that she had a physical impairment that substantially limited a major life activity under 42 U.S.C. § 12102(2) of the ADA. The record indicates that, at most, Jackson underwent a surgical procedure for an abscess and thus required a temporary absence from work. That is not enough to sustain a claim under the ADA. *See Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (noting that for an impairment to substantially limit one in a major life activity, the impairment must be permanent or long-term). Nor did Jackson present any evidence that her employer perceived her to have a disability as defined under the ADA. Thus, the District Court correctly concluded that Jackson failed to establish a prima facie claim of disability-based discrimination.

■ Furthermore, even if Jackson had presented evidence that she had a disability within the meaning of the ADA, summary judgment would nonetheless have been proper because Jackson failed to raise a genuine issue of material fact as to whether Nor Loch Manor's express reason for firing her-absenteeism and failure to follow company rules-was in fact a pretext for discrimination. Although Jackson asserted that she had "always called in," the record showed that she received three prior warnings concerning her absenteeism and tardiness, and that Nor Loch Manor's employment policies state, in a section pertaining to Unexcused Absences and Excessive Tardiness, that "[f]ailure to work an assigned shift without prior notice will be considered job abandonment and will be cause for immediate termination." This record, and the lack of any evidence to the contrary, was a sufficient basis for the District Court's decision.

The judgment of the district court is AFFIRMED.