Susan D. FALL, Plaintiff–Appellant,

v.

**NEW YORK STATE UNITED TEACHERS, Defendant–Appellee.**

No. 07–0585–cv.

United States Court of Appeals, Second Circuit.

July 10, 2008.

Samuel F. Prato (Frank A. Aloi, on the brief), Rochester, NY, for Appellant.

James R. Sandler (Richard E. Casagrande, of Counsel), Latham, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges and Hon. JOHN G. KOELTL,[1] District Judge.

## SUMMARY ORDER

Plaintiff-appellant Susan D. Fall appeals from a January 22, 2007, order of the United States District Court for the Western District of New York (Larimer, *J.*), which granted defendant-appellee New York State United Teachers' ("NYSUT") motion for summary judgment in all respects and dismissed with prejudice all of the claims set forth in plaintiff's amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Fall argues that: (1) she was terminated in violation of both the ADA and New York State Human Rights Law; (2) defendant's offered explanation for her termination was pretextual; and (3) issues of material fact exist which were improperly resolved at summary judgment.

We review a district court's grant of summary judgment *de novo*. *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 61 (2d Cir.1998). In assessing the record to determine whether there is a genuine issue of material fact to be tried, courts resolve all ambiguities and draw all reasonable factual inferences in favor of the party opposing the motion. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir.1998). However, Courts "must ... carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir.1999).

To establish a *prima facie* ADA claim, Fall must show: (1) that she is an individual with a disability within the meaning of the statute; (2) that NYSUT is subject to the ADA and had notice of the disability; (3) that she was otherwise qualified to perform the essential functions of her position, with or without reasonable accommodation; and (4) that she was fired because of her disability. *See Reeves v. Johnson Controls World Services, Inc.*, 140 F.3d 144, 149–50 (2d Cir.1998). To establish that she is disabled within the meaning of the ADA, Fall must show: (1) that she suffers from a physical or mental impairment; (2) that the impairment affects a "major life activity"; and (3) that the impairment substantially limits that major life activity. *See Toyota Motor Mfg., Kentucky, Inc., v. Williams*, 534 U.S. 184, 194–95, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 641 (2d Cir.1998). Whether the impairment is "substantial" turns on the specific facts of each plaintiff's individual case. *See Toyota*, 534 U.S. at 198–99, 122 S.Ct. 681.

ADA claims are subject to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Reg'l Econ. Cmty. Action Program, Inc., v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir.2002). If a plaintiff establishes a

---

1. The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

*prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Bickerstaff*, 196 F.3d at 446. If the defendant does so, the burden shifts back to the plaintiff to produce adequate evidence to support a rational finding that the employer's explanation is false and that, more likely than not, discrimination was the real reason for the adverse action. *Id.* Mere speculation is insufficient; a plaintiff must offer specific, admissible evidence of pretext. *Id.* at 448.

■ While hearing is clearly a major life activity within the meaning of the ADA, *see Toyota*, 534 U.S. at 195, 122 S.Ct. 681, NYSUT has not admitted that Fall has a hearing disability,[2] and Fall does not allege that her hearing, when compared to that of an average person without hearing loss, is substantially limited. Instead, Fall testified below that she does not know the extent of her hearing loss, and she offers no evidence demonstrating that her hearing loss is substantial.[3] Thus, Fall has failed to satisfy a necessary element of her *prima facie* case.[4] *See Jackson v. Nor Loch Manor Healthcare Facility*, 297 F.Supp.2d 633, 635–36 (W.D.N.Y.2004), *aff'd* 134 Fed. Appx. 477 (2d Cir.2005) (to establish a *prima facie* ADA claim, a plaintiff must submit competent evidence that physical impairment "significantly affected" a substantial life activity).

■ Even assuming that Fall has established a *prima facie* ADA case, she nevertheless fails to raise a genuine issue of fact regarding the veracity of NYSUT's explanation for her termination or any alleged discriminatory reason for her termination. NYSUT cited poor job performance as the reason for Fall's dismissal, and the record is replete with evidence supporting that legitimate basis for termination. The burden therefore shifts to Fall to offer evidence that NYSUT's position was false or that discrimination was the real reason for the adverse action. *Bickerstaff*, 196 F.3d at 446–47. Although Fall takes issue with the competence of those who criticized her job performance, she fails to raise a genuine issue that NYSUT's performance concerns were fabricated. In addition, Fall offers no direct evidence of intentional discrimination, and her argument in support of an inference of discrimination lacks merit.[5] Fall's theory that NYSUT fired her based on her hear-

2. NYSUT admitted that Fall claimed to have a hearing disability, but denied that it had information sufficient to know whether her claim had merit. NYSUT's knowledge that Fall claimed to have a hearing impairment is insufficient to establish that she is disabled under the ADA. *Reeves*, 140 F.3d at 153.

3. The unsworn audiologist reports offered by Fall constitute inadmissible hearsay evidence. *See Weltz v. City of New York*, No. 99 Civ. 3932, 2004 WL 1907309, at *5 (S.D.N.Y. Aug.25, 2004) (unsworn doctor's letters are inadmissible hearsay and may not properly be considered in opposition to a motion for summary judgment); *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir.1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."). We note that even if we were to consider the audiological reports, they do not establish that Fall's hearing is substantially limited. Moreover, Fall admits that when she is wearing her hearing aids, her hearing is corrected. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482–83, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (stating that measures taken to correct or mitigate a physical impairment are relevant to whether "an impairment 'substantially limits' a major life activity"). Ultimately, Fall does not assert, or support with credible evidence, the proposition that her hearing loss is substantial when the corrective measures are employed.

4. Fall's contention that the NYSUT "regarded" her as disabled similarly fails. Fall offers no evidence that the NYSUT perceived her impairment to substantially limit the exercise of a major life activity. *See Reeves*, 140 F.3d at 153.

5. Although the timing of a discharge can give rise to an inference of improper motivation, no such inference is reasonable here because

ing disability when she mentioned her "partial non-life-threatening disability of fibromyalgia" lacks support in the ADA or case law; Fall has not alleged that her fibromyalgia substantially limited a major life activity. Moreover, NYSUT was aware of and accommodated Fall's claimed hearing impairment from the onset of her employment, a fact that militates against a later finding of discrimination. *See Miller v. Taco Bell Corp.,* 204 F.Supp.2d 456, 464 (S.D.N.Y.2002). As the district court correctly found, "[t]here just is nothing in the record except [Fall's] own conclusion that this termination was somehow invented or concocted to cover up the disability discrimination."

In addition, the district court did not err in retaining jurisdiction over Fall's claims under the New York State Human Rights Law ("NYSHRL") and granting the defendants summary judgment on those claims. While the definition of "disability" under the NYSHRL may be broader than the definition under the ADA, Fall nevertheless fails to raise an issue of fact regarding whether NYSUT's proffered reason for her termination was pretext or any alleged intentional discrimination underlying her termination. The *McDonnell Douglas* burden-shifting analysis "is also applicable to [the plaintiff's] claims under the NYSHRL...." *Dawson v. Bumble & Bumble,* 398 F.3d 211, 217 (2d Cir.2005).

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

(1) Fall had documented performance problems throughout her NYSUT employment, most of which occurred before she mentioned fibromyalgia; (2) after the meeting during which Fall first mentioned fibromyalgia, Fall's supervisor learned of further problems with her local unions and also discovered that Fall had falsely reported information regarding her contact with the leadership of a separate union; (3) NYSUT was aware of and accommodated Fall's claimed hearing impairment from the onset of her employment; and (4) Fall's termination occurred towards the end of her probationary period.