■ ALBERT I. COHAN, Respondent, v EMMANUEL MISTHOPOU-LOS et al., Appellants.—In an action pursuant to Debtor and Creditor Law article 10 to set aside as fraudulent certain conveyances of real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Meehan, J.), entered November 19, 1984, which granted the plaintiff's motion for reargument and, upon reargument, *inter alia,* granted the plaintiff's motion for summary judgment.

Order and judgment modified, on the law, by deleting the second through ninth decretal paragraphs thereof, and substituting therefor provisions denying the plaintiff's motion for summary judgment, and dismissing the plaintiff's first cause of action in the complaint as premature, without prejudice to renew in the event the plaintiff becomes a judgment creditor by prevailing on the underlying action pending in the County Court, Rockland County, against defendants Emmanuel and Norberte Misthopoulos. As so modified, order and judgment affirmed, without costs or disbursements.

In March 1979, the plaintiff commenced an action in the County Court, Rockland County, against the defendants Emmanuel and Norberte Misthopoulos to recover brokerage commissions. On July 9, 1982, that action resulted in the entry of a judgment for the plaintiff in the sum of $7,576. On January 7, 1981, the defendants Emmanuel and Norberte Misthopoulos transferred certain property owned by them to their mother and sister, the defendants Marie and Angelique Misthopoulos. Subsequently, on March 14, 1983, the defendant Angelique Misthopoulos transferred her interest in the property to Marie Misthopoulos.

On or about October 3, 1983, the plaintiff, as judgment creditor, commenced this action pursuant to Debtor and Creditor Law article 10 to set aside the aforenoted conveyances as fraudulent. After issue was joined, the defendants moved to

dismiss the complaint for lack of personal jurisdiction and the plaintiff cross-moved for summary judgment. By order dated May 30, 1984, Special Term denied both motions. Thereafter, the plaintiff moved for reargument and/or renewal of his prior cross motion for summary judgment. By order and judgment entered November 19, 1984, Special Term granted the motion to reargue and, upon reargument, granted the plaintiff summary judgment setting aside the conveyances as fraudulent under Debtor and Creditor Law § 273-a. Section 273-a provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, *after final judgment for the plaintiff, the defendant fails to satisfy the judgment*" (emphasis supplied).

While the defendants' appeal from said order and judgment was *sub judice* before this court, the Appellate Term reversed the money judgment of the County Court, Rockland County, entered July 9, 1982, and granted a new trial *(see, Cohan v Misthopoulos,* App Term, 9th & 10th Jud Dists, July 9, 1985). We have taken judicial notice of this fact. Consequently, there is no longer any money judgment in favor of the plaintiff and against the defendants Emmanuel and Norberte Misthopoulos which is unsatisfied, an essential element of the first cause of action pleaded in the plaintiff's complaint to set aside the subject conveyances as fraudulent under Debtor and Creditor Law § 273-a *(see, Schoenberg v Schoenberg,* 113 Misc 2d 356, *mod on other grounds* 90 AD2d 827).

Accordingly, the order and judgment is modified, the plaintiff's motion for summary judgment is denied, the first cause of action in the complaint is dismissed as premature without prejudice to renew in the event the plaintiff becomes a judgment creditor by prevailing on the underlying action pending in the County Court, Rockland County, against the defendants Emmanuel and Norberte Misthopoulos, and the matter is remitted for further proceedings on the other causes of action pleaded in the complaint. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.