■ GEORGE M. FRYBERGH, Appellant, v ISIDORE WEISSMAN et al., Respondents.—In an action, *inter alia*, to set aside an allegedly fraudulent conveyance, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Jones, J.), entered May 21, 1987, which upon the motion of the defendant East Hampton House Owners, Ltd., and the motion of Leonard I. Ackerman and Hampton House Ventures, dismissed the complaint pursuant to CPLR 3211 (a) (7) against all the defendants and canceled the plaintiff's notice of pendency; and (2) an order of the same court entered May 28, 1987, which, upon the motion of the defendant Maurice H. Kouffman to dismiss the complaint insofar as asserted against him, adhered to its earlier order dismissing the complaint against all defendants.

Ordered that the orders are affirmed, with costs.

In 1981, the plaintiff commenced an action to recover salary and commissions allegedly due him for work as a real estate salesman on behalf, *inter alia*, of the defendants Maurice H. Kouffman and East Hampton House, Inc. By deeds dated March 31, 1983, the defendant East Hampton House, Inc. conveyed a parcel of real property to the defendant Hampton House Ventures, which in turn conveyed the property to the defendant East Hampton House Owners, Ltd. Prior to the conclusion of his action to recover salary and commissions, the plaintiff commenced this action alleging, *inter alia*, that these conveyances were fraudulent as to him pursuant to Debtor and Creditor Law § 273-a. The plaintiff's action to recover salary and commissions was ultimately dismissed *(see, Frybergh v Kouffman,* 145 AD2d 529 [decided herewith]).

Debtor and Creditor Law § 273-a provides that "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, *after final judgment for the plaintiff, the defendant fails to satisfy the judgment*" (emphasis supplied).

As the existence of an unsatisfied judgment is an essential element of this action *(Cohan v Misthopoulos,* 118 AD2d 530; *Schoenberg v Schoenberg,* 113 Misc 2d 356, *mod on other grounds* 90 AD2d 827) and the plaintiff has obtained no

judgment against any of the defendants, his first cause of action was properly dismissed.

The plaintiff's second cause of action, alleging that defendants violated General Business Law article 23-A, known as the Martin Act, by filing a cooperative apartment offering plan containing a false statement, was also properly dismissed since no implied private cause of action exists under the Martin Act *(see, CPC Intl. v McKesson Corp.,* 70 NY2d 268).

The plaintiff's remaining claims for attorney's fees and punitive damages must also fall because they are dependent upon the already dismissed claims. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.