**Jamice CAREY, Plaintiff–Appellee,**

v.

**Hector CRESCENZI, Armando Crescenzi and Harenzy Realty Corp., Defendants–Appellants.**

**No. 377, Docket 90–7453.**

United States Court of Appeals, Second Circuit.

Argued Oct. 4, 1990.

Decided Jan. 11, 1991.

Paul G. Reilly, Jr., New York City (Reilly & Gatti, of counsel), for defendants-appellants.

Arthur H. Wisehart, New York City (Wisehart & Koch, of counsel), for plaintiff-appellee.

Before CARDAMONE and PRATT, Circuit Judges, and MICHAEL B. MUKASEY, District Judge for the Southern District of New York, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

Defendants Hector Crescenzi, Armando Crescenzi, and Harenzy Realty Corporation appeal from a summary judgment granted by the United States District Court for the Southern District of New York, Kenneth Conboy, *Judge*. Rejecting the defendants' argument that the complaint was barred by

the statute of limitations, the district court determined that, as a matter of law, the two conveyances to the defendants were fraudulent under New York Debtor and Creditor Law § 273–a. It further found that the plaintiff was entitled to attorneys' fees under § 276–a of the same law. Because we agree with the district court that no genuine issue of material fact exists and that the statute of limitations does not bar the complaint, we affirm the district court's summary judgment setting aside the conveyances as to plaintiff Carey. However, because the district court failed to make the findings of actual fraud as required by 276–a to support the award of attorneys' fees against the grantees of the properties, we remand on this issue for further proceedings.

## BACKGROUND

In 1979 Jamice Carey brought an action in the Supreme Court of the State of New York, County of New York, for money damages against her mother, Ona M. Carey, and her mother's attorney, Gene Crescenzi, claiming that they had defrauded her of a trust fund of which she was the beneficiary. After a four-day bench trial, the court found for the plaintiff. As part of its findings and order, the court assigned the case to a special referee to determine the amounts that Ona M. Carey and Gene Crescenzi had misappropriated. Based on the special referee's report, the court, on October 4, 1982, granted a final judgment against Ona M. Carey for $179,569.58 and Gene Crescenzi for $89,784.79. The court also "restrained and enjoined" Ona M. Carey and Gene Crescenzi "from making or suffering any sale, assignment, transfer or interference with any property in which either defendant has an interest" without the court's permission. That judgment was filed on October 13, 1982.

While the state-court action was still pending, Gene Crescenzi conveyed, without monetary consideration, one parcel of real estate to his two sons, Hector and Armando, who are defendants in the present action, and another parcel to their corporation, Harenzy Realty Corporation ("Haren-

zy Realty"), the third defendant in this action. Crescenzi conveyed one parcel to Harenzy on January 6, 1981, and the other parcel to Hector and Armando on May 26, 1982.

On October 25, 1985, Jamice Carey brought this federal diversity action against Gene, Hector, and Armando Crescenzi, and Harenzy Realty in the United States District Court for the Southern District of New York, alleging that the two conveyances were fraudulent under New York Debtor and Creditor Law § 273–a.

After the district court dismissed Gene Crescenzi as a defendant, the remaining defendants moved for summary judgment and Carey cross-moved for summary judgment. The district court denied defendants' motion, granted Carey's cross-motion, declared the two conveyances fraudulent as to plaintiff Carey, ordered them set aside as to her, and, pursuant to New York Debtor and Creditor Law § 276–a, granted attorneys' fees to the plaintiff. The court later granted defendants' motion for reconsideration pursuant to Fed.R.Civ.P. 52(b) and 59, and upon reconsideration elaborated on, but adhered to, its earlier decision, and determined that the plaintiff was entitled to attorney's fees, costs, and expenses in the sum of $44,194.70. In the final judgment, dated April 9, 1990, the district court found that "there was actual intent to defraud plaintiff, Jamice Carey, in connection with the two fraudulent conveyances" and ordered Hector and Armando Crescenzi and Harenzy Realty, "jointly and severally", to pay the attorney's fees and expenses.

## DISCUSSION

On appeal, Hector Crescenzi, Armando Crescenzi and Harenzy Realty raise four issues: (A) The statute of limitations bars the action. (B) Summary judgment was inappropriate because there were material factual issues concerning Gene Crescenzi's interest in the conveyed property. (C) In awarding attorney's fees, the district court failed to make the specific findings as to actual fraudulent intent of defendants required by § 276–a. (D) The district court

should have held an evidentiary hearing as to the amount of attorney's fees.

Defendants' claims on issues (A), (B), and (D) are meritless. However, on issue (C) we conclude that under § 276–a attorney's fees may not be awarded against a defendant, who is a grantee of a fraudulent conveyance, without a specific finding that he was aware of and participated in the actual fraud. Since the district court found generally that there was actual fraud, without connecting any of the defendants specifically to that fraud, we remand for more specific findings, or if necessary, further proceedings.

A. *Statute of Limitations.*

■ The district court held that Carey's cause of action to set aside the fraudulent conveyances was subject to a six-year statute of limitations, and that the cause of action "did not accrue until after the judgment was returned unsatisfied." Since that judgment was not filed until October 13, 1982, and since all three defendants were served before October 13, 1988, the district court concluded that service was within the six year limitation period.

Defendants do not dispute the district court's choice of a six-year statute of limitations for this case. *See* New York State Civil Practice Law & Rules 213(1). They do, however, object to the district court's determination of when the claim accrued and the statute started to run. According to the defendants, the statute started to run "at the time the transfer of real property was made." Gene Crescenzi's conveyance to Harenzy Realty was on January 6, 1981; the one to his sons Hector and Armando was on January 26, 1982. Since Harenzy was served was October 9, 1987, Hector Crescenzi on August 11, 1988, and Armando Crescenzi on September 8, 1988, if the defendants are correct as to the accrual event, then the complaint would have to be dismissed.

But the defendants are not correct. In view of the language of § 273–a that a conveyance is fraudulent if *"after final judgment for the plaintiff,* the defendant fails to satisfy the judgment" (emphasis

added), "the existence of an unsatisfied judgment is an essential element of [§ 273–a]". *Frybergh v. Weissman,* 145 A.D.2d 531, 536 N.Y.S.2d 465, 466 (2d Dep't 1988). In *Frybergh,* the court affirmed the dismissal of a cause of action based on § 273–a because the plaintiff had failed to obtain a judgment against any of the defendants. *Id. See also Cohan v. Misthopoulos,* 118 A.D.2d 530, 499 N.Y.S.2d 157 (2d Dep't 1986) (a money judgment is "an essential element" of § 273–a). Thus, the earliest that plaintiff's claim could have accrued was on October 13, 1982, the date of the judgment. Since all defendants were served within six years of that date, defendants' statute of limitations argument fails.

### B. *Summary Judgment.*

■ Defendants next argue that "an issue of fact existed as to whether or not the properties transferred were assets of the transferor." They assert that Gene Crescenzi was not the beneficial owner of the property and "his name was on the deed solely as an accommodation."

Defendants presented no evidence to support this implausible claim, however, and in order to avoid summary judgment, a party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The defendants' bald assertion, completely unsupported by evidence, did not satisfy their burden; it certainly did not "present[ ] a sufficient disagreement to require submission to a jury" as required by Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). For this reason, the district court correctly granted Carey's motion for summary judgment.

### C. *Finding of Actual Fraud.*

■ Defendants argue that the district court made insufficient findings of actual fraud to award attorneys' fees against them. Section 276–a states that attorneys' fees should be awarded when a conveyance "is found to have been made by the debtor *and received by the transferee with actual intent,* as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors" (emphasis added). Thus, before awarding attorneys' fees against a defendant, whether he be the debtor or the transferee, the court must make an explicit finding of actual intent to defraud; imputed fraud does not satisfy § 276–a. *Cf. Marine Midland Bank v. Murkoff,* 120 A.D.2d 122, 508 N.Y. S.2d 17, 20–21 (2d Dep't 1986) (rejecting the "notion that * * * a presumption of intentional fraud exists" under § 276–a).

In awarding attorneys' fees in this case, the district court found that there was "actual intent to defraud" because: (1) the transfers of the property were intrafamily; (2) the deeds recited a nominal consideration of $1; (3) there was deposition testimony that no consideration was paid; and (4), the debtor, Gene Crescenzi, "knew of the potential claim against him when he transferred the property."

While these facts would be sufficient to support a finding of actual intent to defraud as against Gene Crescenzi, (who is no longer a party in this case), they are not sufficient to permit an inference of actual intent on the part of his sons, Hector and Armando. At the least, before charging Hector and Armando personally with attorneys' fees, there should be a finding of their actual knowledge of the circumstances that render these conveyances fraudulent. If they were unaware of their father's intent to defraud the plaintiff, believing, for example, that the conveyance was a gift, then they could not be charged here with actual intent to defraud under § 276–a. Although the constructive fraud established by this record is sufficient to set aside the conveyance under § 273–a, it is not sufficient to award attorneys' fees against Hector and Armando.

As to Harenzy Realty, the court ambiguously found that it was "their" corporation, referring perhaps to only Hector and Armando Crescenzi, or perhaps to Hector, Armando, *and Gene* Crescenzi. On the remand, the district court should focus more closely on the ownership and control

of Harenzy Realty, and before charging it with liability for the attorney's fees, make an explicit finding that, in receiving the property, the corporation had an actual intent to defraud as required by § 276–a.

### D. *Hearing on Amount of Attorneys' Fees.*

Defendants contend that an evidentiary hearing was required before the court determined the amount of attorneys' fees and expenses. We disagree. On this record and in view of the submissions before the district court, we find no error in the court's determination of the amount, nor any need for further evidence on the issue.

### CONCLUSION

We remand to the district court solely for the purpose of determining whether the actual intent to defraud found by the court was an intent only of the debtor, Gene Crescenzi, or whether it was shared by one or more of the defendants here, Hector Crescenzi, Armando Crescenzi, and Harenzy Realty. On the remand, the district court may simply make additional findings based on the record already before it, or in its discretion, conduct such further proceedings on the issue as may be necessary. In all other respects, the judgment appealed from is affirmed.