Hema MENON, Plaintiff–Appellant,

v.

Lawrence FRINTON, Defendant–
Appellee.

Docket No. 01–7639.

United States Court of Appeals,
Second Circuit.

Feb. 25, 2002.

Norman A. Pattis; John R. Williams, of
counsel, New Haven, CT, for Appellant.

Thomas Gerarde; John J. Radshaw III,
of counsel, Hartford, CT, for Appellee.

Present SACK, B.D. PARKER, and
GIBSON,* Circuit Judges.

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of April 20, 2001 be, and it hereby is, AFFIRMED.

Hema Menon appeals from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*) dismissing on a Fed.R.Civ.P. 56(c) motion for summary judgment her 42 U.S.C. § 1983 claims of *inter alia* First and Fourth Amendment violations against Lawrence Frinton in his individual capacity. We affirm.

On February 20, 1996, Menon, Malaysian in ethnicity and a United States citizen, was involved in an automobile accident with another driver. Frinton, a Danbury police officer, arrived on the scene and investigated the accident. Frinton had previously investigated another accident in which Menon was involved on March 3, 1990. During this second accident in 1996, Frinton interviewed both drivers and examined the damage to both cars. Menon told Frinton that she was traveling behind the first driver. The other driver told Frinton that she was turning right when Menon, driving on the shoulder of the road, struck her. Based on these interviews and the vehicles' damage, Frinton determined that Menon had been following the other vehicle too closely in violation of Connecticut law, and was therefore responsible for the accident. He issued a citation to her.

■ An officer has qualified immunity to make an arrest and similarly to issue a citation "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir.1997). Probable cause exists when an arresting officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *O'Neill v. Town of Babylon*, 986 F.2d 646, 649–50 (2d Cir.1993) (citation omitted).

■ Frinton is entitled to qualified immunity because his investigation of the 1996 accident provided probable cause to issue the citation and find Menon at fault: Menon's admission, the other driver's account, and the damage to the cars furnished Frinton with sufficient information to make such a determination.

■ Menon insists that Frinton failed to interview a passenger in her car and retaliated for Menon's complaints regarding Frinton's conduct and determinations during the 1990 accident. Neither these facts nor any of the additional facts listed in Menon's brief cast doubt on the objective reasonableness of Frinton's conduct. That Frinton failed to interview Menon's companion supports no reasonable inference that would negate his entitlement to immunity. Further, Menon proffers no evidence other than speculation to demonstrate that Frinton recognized Menon, remembered the 1990 accident, or acted maliciously and in violation of her constitutional rights. Speculative assertions of fact absent factual support do not merit reversal of summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.