Peter JOHNSON

v.

G. Sarsfield FORD, et al.[1]

No. 3:04CV116(AWT).

United States District Court,
D. Connecticut.

July 20, 2007.

sponse to summary judgment motion are not sufficient to amend complaint).

1. The named defendants are: G. Sarsfield Ford, Frank Resta, C. Robert Satti, Jr., Joseph Sherbo, Bruce Belco, Robert Martin, Donald Jacques, William Miranda, Ted Montagna, Juan R. Gonzalez, Doug Stolze, Terry Rooney, Robert Novia, Ray Masek, Richard Herlihy, Officers Tesla and Gomez and 10 Does. On October 27, 2006, the court granted a motion to dismiss filed by defendants Satti, Jr. and Ford and dismissed all claims against them. (See Doc. # 22.)

Peter Johnson, Manchester, NH, Pro se.

Maura Murphy–Osborne, Attorney General's Office, Hartford, CT, Barbara Brazzel–Massaro, City of Bridgeport Office of the City Attorney, Bridgeport, CT, for G. Sarsfield Ford, et al.

### RULING ON MOTION FOR SUMMARY JUDGMENT

THOMPSON, District Judge.

The plaintiff brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. He alleges inter alia that defendants Resta, Sherbo, Belco, Martin, Jacques, Miranda, Montagna, Gonzalez, Stolze, Rooney, Novia, Masek, Herlihy, Tesla and Gomez (the "Defendants"), violated his constitutional rights when they arrested him in December 1997. The Defendants have filed a motion for summary judgment. Despite notice of his obligation to respond, the plaintiff has not opposed the motion. For the reasons that follow, the Defendants' motion is being granted.

### I. Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case. *See PepsiCo, Inc. v. Coca–Cola Co.,* 315 F.3d 101, 105 (2d Cir.2002) (per curiam). The court construes the facts in the light most favorable to the nonmoving party. *See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.,* 444 F.3d 158, 162 (2d Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 382, 166 L.Ed.2d 270 (2006).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of an unspecified disputed material fact or offer speculation or conjecture. *See Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). If the nonmoving party does not respond to the motion, the court may accept as true the moving party's factual statements. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the moving party's Rule 56(a)1] statement will be deemed admitted unless controverted...."). Even if the motion is unopposed, however, the court will not grant summary judgment unless it determined that the moving party is entitled to judgment as a matter of law. *See Vermont Teddy Bear Co. v. 1–800 Beargram Co.,* 373 F.3d 241, 242 (2d Cir. 2004).

Where one party is proceeding *pro se,* the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. *Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991).

### II. Facts[2]

On May 11, 1996, Nathaniel Morris ("Morris") was kidnapped from a porch on Olive Street in Bridgeport, Connecticut, forced into a black 4–door Buick, driven to another location and shot and killed. La-

---

2. The facts are taken from the Defendants' Local Rule 56(a)1 Statement [doc. # 21–2] along with the affidavits attached to their memorandum [doc. # 21–1]. Because the plaintiff has not responded to the Defendants' motion, the court deems admitted the facts taken from the Defendants' Local Rule 56(a)1 Statement.

ter that day, Officers Miranda and Montagna arrested Frantz Cator, Rudolph St. Victor and McWarrens St. Julien for the murder of Morris. Officers Gonzalez, Stolze, Rooney, Novia, Belco, Tesla and Gomez were on the scene during the arrest of Cator, St. Victor and St. Julien. Officers Stolze and Gonzalez recovered a gun from the car used to kidnap Morris, placed it in an evidence bag and transported it the evidence room at the police station. Sergeant Masek and Detective Herlihy tested the gun found in the car for fingerprints. Lieutenant Resta assigned Detective Jacques to take statements and follow-up with respect to the illegal weapon found in the car used to kidnap Morris. In December 1996, Detective Jacques transferred to the Bridgeport Regional Burglary Unit within the Bridgeport Police Department. He never took part in the investigation into the plaintiff's involvement in the kidnapping and murder of Morris.

Detectives Sherbo and Martin were assigned to investigate the kidnapping and murder of Morris. At some point during their investigation, Detectives Sherbo and Martin became aware of the involvement of a fourth individual in the murder.

Suspect Rudolphe St. Victor gave Detective Martin a statement indicating that he, Cator and St. Julien forced Morris into the car and then picked up a fourth person. The fourth individual and Frantz Cator assaulted Morris and then shot him. The fourth individual, identified by St. Victor from a photographic array as the plaintiff, exited the car undetected after it returned to Olive Street. Suspects McWarrens St. Julien and Frantz Cator also provided Detective Martin with statements indicating that a fourth person shot Morris. They both identified the fourth person as the plaintiff from photographic arrays.

Detective Martin received another statement from a witness who observed a fourth male exit the car and enter a house on Olive Street. This witness identified the plaintiff from a photographic array as the fourth male. A second witness gave Detective Martin a statement that there was a male on the stairs of a house on Olive Street at the time the police arrived to arrest Cator, St. Victor and St. Julien. This witness identified the plaintiff from a photographic array as the man on the stairs.

Detective Martin included the statements of the suspects as well as the statements of two witnesses and the photographic array identifications of the plaintiff in a warrant for the plaintiff's arrest. A Superior Court Judge reviewed the statements and other information and found probable cause to issue a warrant for the plaintiff's arrest. The plaintiff was arrested in December 1997 and charged with murder, felony murder, kidnapping in the second degree and conspiracy. On March 2, 2001, a jury found the plaintiff not guilty.

## III. Discussion

The Defendants make four arguments in their motion. They argue that (1) the claims against them are barred by the three-year statute of limitations, (2) the claims fail to state a claim upon which relief may be granted, (3) they are entitled to qualified immunity, and (4) the plaintiff failed to properly serve the complaint pursuant to Rule 4, Fed.R.Civ.P. Although the Defendants assert a statute of limitations argument in their motion, they fail to brief the argument in the memorandum in support of the motion. Thus, the court does not consider the argument.

### A. *Failure to State a Claim for False Arrest*

██ The Defendants argue that the plaintiff's false arrest and conspiracy claims fail as to Lieutenant Resta, Sergeant Masek, Detectives Herlihy and Jacques and Officers Gonzalez, Stolze, Mi-

randa, Rooney, Novia, Belco, Tesla, Gomez and Montagna because they were not involved in the plaintiff's arrest. The Defendants argue that the plaintiff's false arrest and conspiracy claims fail as to Detectives Sherbo and Martin because probable cause existed for the plaintiff's arrest.

■ The Fourth Amendment's protection against unreasonable seizure includes the right to be free from arrests without probable cause. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996). Probable cause to arrest exists "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* To establish probable cause for an arrest, the officer need only establish a "probability or a substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates,* 462 U.S. 213, 244 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Because the existence of probable cause depends on the probability, rather than the certainty, that criminal activity has occurred, the validity of an arrest does not require an ultimate finding of guilt. *See Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The court may determine the existence of probable cause as a matter of law "if there is no dispute as to the pertinent events and the knowledge of the officers." *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

■ State law controls the elements of a section 1983 claim for false arrest. *See Davis v. Rodriguez,* 364 F.3d 424, 433 (2d Cir.2004) (false arrest). "False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another." *Binette v. Sabo,* 244 Conn. 23, 63, 710 A.2d 688 (1998) (internal quotation marks omitted). It is well-es-tablished that probable cause is a complete defense to claims of false imprisonment and false arrest. *See Davis,* 364 F.3d at 433. The issuance of a facially valid warrant by a neutral magistrate creates a presumption of the existence of probable cause that can only be overcome by presenting evidence that the officer knowingly and recklessly "made a false statement in his affidavit or omitted material information" clearly critical to the probable cause determination. *Golino v. New Haven,* 950 F.2d 864, 871 (2d Cir.1991); *Rivera v. U.S.,* 928 F.2d 592, 604 (2d Cir.1991).

The plaintiff alleges that Detectives Martin and Sherbo used false allegations and failed to include the dates on which witness statements were made in their affidavits in support of his arrest warrant. The plaintiff also alleges that the witness statements in support of the affidavits were conflicting, inconsistent and false. Defendants Gonzalez, Miranda, Stolze, Masek and Jacques filed affidavits stating that they did not take part in the decision to arrest the plaintiff. The plaintiff has filed no evidence to contradict these affidavits. Accordingly, the motion for summary judgment should be granted as to the plaintiff's false arrest claims against Defendants Gonzalez, Miranda, Stolze, Masek and Jacques.

The plaintiff alleges that Officer Montagna was present and involved in the arrest of Cator, St. Victor and St. Julien and that he prepared a police report describing the events leading up to the arrests. The plaintiff also alleges that Officer Montagna testified at his trial. The plaintiff describes Defendants Resta, Belco, Rooney, Novia, Herlihy, Tesla and Gomez as employees of the Bridgeport Police Department, but does not otherwise mention them in the body of the complaint. The plaintiff alleges that Defendants Sherbo and Martin were involved in interviewing witnesses and preparing an affidavit in

support of the warrant for his arrest. Defendant Martin avers that Lieutenant Resta assigned him to investigate the murder of Nathaniel Morris and that he was involved in preparing a warrant for the plaintiff's arrest. In his statement of claims, the plaintiff makes the same general allegation against all nine of these Defendants. He alleges that they violated his Fourth Amendment right to be free from unlawful arrest when they "knowingly, intentionally, deliberately, recklessly false, and with reckless disregard for the truth conspired with ... Attorney ... Satti ... and ... [each other] to falsely implicate and incarcerate [him] in a crime that carries the death penalty, for the purpose of political gains, promotions, and department gains/favors."

The Defendants argue that the plaintiff's false arrest claim fails because there was probable cause to arrest him. Defendant Martin avers that at the time of the plaintiff's arrest, two individuals, St. Julien and St. Victor, identified the plaintiff as being in the car with them and shooting Nathaniel Morris and being involved in the shooting of William Morris, a third individual observed the plaintiff exit the car when it returned to Olive Street and enter a house, and a fourth individual identified the plaintiff as being in the house on Olive Street when the police arrested Cator, St. Victor and St. Julien outside the house. "Lawful arrest, i.e., arrest pursuant to probable cause, requires the arresting officer to have 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir.2000) (citation omitted) "Once an officer has probable cause, he or she is neither required nor allowed to continue investigating, sifting and weighing information." *Panetta v. Crowley*, 460 F.3d 388, 398 (2d Cir.2006).

The plaintiff has offered no evidence to contradict the witness statements or photographic identifications of him as the fourth person in the car and the individual who shot Morris. Because the Defendants had probable cause to arrest the plaintiff, the motion for summary judgment is being granted as to the false arrest claim.

### B. *Failure to State a Claim for Malicious Prosecution*

The plaintiff also arguably asserts a claim for malicious prosecution against Defendants Sherbo and Martin, who investigated his involvement in the murder of Morris. The plaintiff alleges that Martin and Sherbo pursued a criminal prosecution against him without probable cause.

State law controls the elements of a section 1983 claim for malicious prosecution. *See Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir.1994). To state a claim for malicious prosecution, a plaintiff must prove that "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff, (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982). Probable cause is a complete defense to a claim of malicious prosecution *McHale. Id.* Because the court has determined that the Defendants had probable cause for the arrest that initiated the prosecution of the plaintiff, his malicious prosecution claim fails as a matter of law. Therefore, the malicious prosecution claim against Defendants Sherbo and Martin is being dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a claim upon which relief may not be granted).

### C. *John Doe Defendants*

The plaintiff names "10 Does" as a defendant in the caption of the complaint. There are no references to the Doe defendants anywhere else in the complaint. Thus, the plaintiff has failed to state a claim upon which relief may be granted as to the Doe defendants. In addition, Federal Rule of Civil Procedure 4(m) states that "if service of the summons and complaint is not made upon the defendants within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the case without prejudice. . . ." In the instant case, the 120 day period provided for service has elapsed, the plaintiff has not identified and served the Doe defendants, and the Defendants have moved for dismissal and sent that motion to the plaintiff. Therefore, the claims against the Doe defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 4(m), Fed. R.Civ.P.

### IV. *Conclusion*

The Defendants' motion for summary judgment [**doc. # 21**] is hereby **GRANTED.** The malicious prosecution claim against Defendants Sherbo and Martin is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The claims against "10 Does" are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 4(m), Fed. R.Civ.P.

The Clerk is directed to enter judgment in favor of the remaining defendants and close this case.

It is so ordered.