08-3510-cv
Dixon v. Zenk

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EMILE MARK DIXON,
> > *Plaintiff-Appellant*,

> v.                                                                No. 08-3510-cv

MICHAEL M. ZENK, *et al.*,
> > *Defendants-Appellees.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          Emile Mark Dixon, *pro se*, Inez, KY.

**FOR APPELLEE:**          Gail A. Matthews, Assistant United States Attorney, (Benton J. Campbell, United States Attorney for the Eastern District of New York and Varuni Nelson, Assistant United States Attorney, *of counsel*), Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Emile Mark Dixon, *pro se*, appeals the from the June 17, 2008 judgment of the District Court granting defendant Michael M. Zenk's motion for summary judgment and dismissing Dixon's action filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On appeal, Dixon argues that (1) the District Court erred in granting summary judgment because there was a question of material fact as to whether Zenk provided Dixon with adequate procedural protections while in the Special Housing Unit ("SHU"); (2) the District Court failed to give adequate deference to his *pro se* status; (3) the District Court erred in denying his motion for appointment of counsel; and (4) the District Court erred in denying his discovery request. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

In his brief, Dixon fails to challenge the District Court's dismissal of other claims and parties prior to Zenk's motion for summary judgment on the remaining claim. Although we "generally do not hold *pro se* litigants rigidly to the formal briefing standards," courts "need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Accordingly, we consider any challenges to the earlier dismissals abandoned.

We review a district court's decision to grant summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

First, Dixon argues that the District Court erred in granting Zenk's motion for summary judgment because there was a genuine issue of material fact as to whether Dixon was afforded adequate procedural protection of his due process rights. Along with his motion for summary judgment, Zenk provided an extensive record of the prison's compliance with the relevant regulations, which provide adequate process under the circumstances of this case. To refute this record, Dixon argued, without support, that the affidavits and exhibits supporting Zenk's motion for summary judgment were falsified. Dixon's bald assertion of falsified affidavits and exhibits, however, is insufficient to overcome a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Accordingly, we conclude that Dixon has failed to identify any genuine issue of material fact as to whether Dixon was afforded adequate procedural protections, and, therefore, we conclude that the District Court did not err in granting Zenk's motion for summary judgment.

Next, Dixon argues that the District Court failed to give adequate deference to Dixon's *pro se* status. When a plaintiff is proceeding *pro se*, a court will broadly construe his motion papers and interpret them to raise the strongest arguments that they suggest. *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002). *Pro se* status, however, "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Here, the district court explicitly stated that it would, and subsequently did, consider the allegations in both the complaint and in Dixon's opposition in reaching its conclusion on summary judgment. We therefore conclude that the District Court gave sufficient deference to Dixon's *pro se* status.

Dixon also challenges the District Court's denial of his request for appointment of counsel. The District Court failed to consider on the record the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir.1986), including the threshold question of whether Dixon's claims had any substantive merit. Assuming, but not deciding, that this was error, we decline to remand the case on this basis because, after our independent review of the record, we conclude that Dixon should not receive counsel, as his claim lacks substantive merit. *Cf. Hendricks v. Coughlin*, 114 F.3d 390, 393-94 (2d Cir. 1997) (vacating the judgment and remanding the cause only after determining that plaintiff should have received the assistance of counsel).

Finally, Dixon argues that the District Court erred in denying his discovery request. On appeal, however, Dixon fails to describe the discovery that he allegedly sought, how such discovery is material to the issues in the instant appeal, and how such discovery would have changed the result reached by the District Court. We decline to consider this vague and unsupported claim. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (holding that "[i]ssues not sufficiently argued in [a] brief[] . . . will not be addressed on appeal").

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

3