518

[907 NYS2d 815]

COMMISSIONERS OF THE STATE INSURANCE FUND, Petitioner, v
P.S.G. CONSTRUCTION CO., INC., Respondent.

Supreme Court, Kings County, August 13, 2010

**APPEARANCES OF COUNSEL**

*Jan Ira Gellis, P.C.*, New York City (*Gregory J. Allen* of counsel), for petitioner. *Franklin Gringer & Cohen, P.C.*, Garden City, for respondent.

**OPINION OF THE COURT**

MARTIN SCHNEIER, J.

In this special proceeding to invalidate allegedly fraudulent conveyances, petitioner judgment creditor, Commissioners of the State Insurance Fund (SIF), petitions the court pursuant to Debtor and Creditor Law § 273-a for judgment against respondent, P.S.G. Construction Co., Inc. (PSG) in the amount of $41,268. In opposition, PSG requests that this petition be dismissed on the grounds that it is time-barred by the CPLR 213 (1) six-year statute of limitations.

## Background

Respondent PSG is a domestic corporation whose sole owner and shareholder is Paul Grosman. PSG was incorporated in 1990 and is currently an active corporation.

Paul Grosman was also the sole owner and shareholder of the judgment debtor, Bridgeworks of Greater New York, Inc. (Bridgeworks). Bridgeworks was incorporated in 1997 and was dissolved on November 4, 2005.

On July 24, 2001 SIF commenced the action *Commissioners of the State Insurance Fund v Bridgeworks of Greater New York, Inc.* (Sup Ct, NY County, Stallman, J., index No. 404508/01) (the underlying action), seeking recovery of the $667,589.56 due SIF for the workers' compensation insurance coverage SIF provided to Bridgeworks.

During the period of May 2002 through March 2003 Bridgeworks made loans to PSG aggregating approximately $111,500 as follows: on May 6, 2002 Bridgeworks loaned PSG $10,000; on July 31, 2002 Bridgeworks loaned PSG $30,000; on August 9, 2002 Bridgeworks loaned PSG $50,000; on October 21, 2002 Bridgeworks loaned PSG $10,000; on March 10, 2003 Bridgeworks loaned PSG $5,000; and on March 13, 2003 Bridgeworks loaned PSG $8,000.

During the period of April 2003 through March 2004 approximately $70,232 of the loans were repaid by PSG to Bridgeworks. The remaining balance of the loans in the amount of $41,268 was never repaid by PSG to Bridgeworks.

On October 10, 2008, more than seven years after the commencement of the underlying action, SIF moved for summary judgment against Bridgeworks. Since Bridgeworks had already been dissolved for approximately three years, the motion was unopposed and on April 24, 2009 SIF obtained judgment against Bridgeworks in the amount of $1,087,311.44.

On April 13, 2010, more than seven years after the last March 13, 2003 loan by Bridgeworks to PSG, SIF commenced this special proceeding against PSG pursuant to Debtor and Creditor Law § 273-a based upon the alleged fraudulent conveyances by Bridgeworks to PSG from May 6, 2002 to March 13, 2003.

## Discussion

Debtor and Creditor Law § 273-a states:

> "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

It is undisputed that a Debtor and Creditor Law § 273-a claim is governed by a six-year statute of limitations (CPLR 213 [1]). A statute of limitations begins to run when the cause of action accrues (CPLR 203 [a]). "An action accrues . . . when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court" (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 43 [1995]).

In *Cohan v Misthopoulos* (118 AD2d 530, 531 [2d Dept 1986]), the Second Department ruled that the failure to satisfy a judgment is an "essential element" of a Debtor and Creditor Law § 273-a claim and "dismissed as premature" a Debtor and Creditor Law § 273-a action where the underlying judgment had been vacated. SIF argues that, because an unsatisfied money judgment is an essential element of a Debtor and Creditor Law § 273-a claim, the statute of limitations did not begin to run until the money judgment was obtained by SIF against Bridgeworks on April 24, 2009. This reasoning has been adopted by the Second Circuit Court of Appeals (*Carey v Crescenzi*, 923 F2d 18 [2d Cir 1991]) and the Southern District of New York (*JSC Foreign Economic Assn. Technostroyexport v International Dev. & Trade Servs., Inc.*, 295 F Supp 2d 366, 388 [SD NY 2003]).

However, notwithstanding its earlier reasoning in *Cohan*, the Second Department has, more recently, stated that "[c]onstructive fraud claims predicated upon Debtor and Creditor Law §§ 273 and 273-a, are governed by the six-year statute of limitations set forth in CPLR 213 (1), and arise at the time the al-

leged fraudulent conveyance is made'' (*Citicorp Trust Bank, FSB v Makkas*, 67 AD3d 950, 953 [2d Dept 2009]; *Metzger v Yuenger Woodworking Corp.*, 33 AD3d 678, 679 [2d Dept 2006]).

This court is bound by the Second Department's unequivocal rulings that a Debtor and Creditor Law § 273-a claim arises at the time of the conveyance. Because all the conveyances in this special proceeding occurred more than six years prior to its commencement, the petition is time-barred by the statute of limitations and must be dismissed. The requirement that there be a judgment in the underlying action should be viewed as a condition precedent that is not material for the purposes of the statute of limitations.

## Conclusion

Based on the foregoing, the petition for a judgment pursuant to Debtor and Creditor Law § 273-a is denied and the petition is dismissed.