■ TERENCE COYLE et al., Respondents-Appellants, v THOMAS LEFKOWITZ et al., Appellants-Respondents, et al., Defendant.
[934 NYS2d 216]—

In 2000, the plaintiff firefighters commenced an action against, among others, Mayer Realty Corp. (hereinafter Mayer), to recover damages for personal injuries allegedly sustained in responding to a fire at certain premises owned by Mayer. On November 24, 2003, a judgment was entered against Mayer and in favor of the plaintiffs in the principal sum of $2,400,000. In February 2010 the plaintiffs commenced this action, inter alia, pursuant to Debtor and Creditor Law §§ 273-a and 276 to set aside allegedly fraudulent conveyances made in 2000 and 2001 by Mayer, and in 2005 by nonparty Joshua Wagschal, an alleged business partner of the defendant Thomas Lefkowitz. The plaintiffs moved, among other things, pursuant to CPLR 3211 (b) to dismiss the affirmative defenses of Mayer and the defendants Thomas Lefkowitz and Moore Management, LLC (hereinafter collectively the defendants), for summary judgment on so much of the second cause of action as alleged a violation of Debtor and Creditor Law § 273-a, and to disqualify counsel for the defendants.

"CPLR 3211 (b) authorizes a plaintiff to move, at any time, to dismiss a defendant's affirmative defense on the ground that it 'has no merit' " (*Greco v Christoffersen*, 70 AD3d 769, 771 [2010]). In moving to dismiss an affirmative defense, "the plaintiff bears the burden of demonstrating that the affirmative defense is 'without merit as a matter of law' " (*id.*, quoting *Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]; *see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d 746, 748-749 [2010]). Here, the Supreme Court properly granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (b) to dismiss the first affirmative defense based on the statute of limitations as to so much of the first and second causes of action as alleged a violation of Debtor and Creditor Law § 273-a.

Section 273-a provides that: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, *after final judgment for the plaintiff, the defendant fails to satisfy the judgment*" (emphasis added).

The existence of an unsatisfied judgment is an "essential element" of a constructive fraud cause of action pursuant to Debtor and Creditor Law § 273-a (*Frybergh v Weissman*, 145 AD2d 531, 531-532 [1988]; *see Carey v Crescenzi*, 923 F2d 18, 20-21 [1991]; *Cohan v Misthopoulos*, 118 AD2d 530, 531 [1986]). Thus, contrary to the defendants' contention, the six-year limitations period for such a claim (*see* CPLR 213 [1]) begins to run on the date of entry of the judgment (*see Grace v Rosenstock*, 228 F3d 40, 54 [2000], *cert denied* 532 US 923 [2001]; *Carey v Crescenzi*, 923 F2d at 20-21; *Frybergh v Weissman,* 145 AD2d at 531-532). To the extent that prior decisions of this Court have held that a constructive fraud claim predicated upon Debtor and Creditor Law § 273-a arises at the time that the alleged fraudulent conveyance is made (*see e.g. Citicorp Trust Bank, FSB v Makkas*, 67 AD3d 950, 952 [2009]; *Metzger v Yuenger Woodworking Corp.*, 33 AD3d 678, 679 [2006]), they should no longer be followed.

Although the plaintiffs herein commenced this action in February 2010, more than six years after entry of the judgment on November 24, 2003, so much of the first and second causes of action as alleged a violation of Debtor and Creditor Law § 273-a were not time-barred because the statute of limitations was tolled for a period of approximately 23 months. The November 24, 2003, judgment was vacated by an order of the Supreme Court dated October 2, 2006. The October 2, 2006, order was reversed by this Court on September 9, 2008 (*see Coyle v Mayer Realty Corp.*, 54 AD3d 713 [2008]). "As a matter of basic common sense, a plaintiff cannot be expected to commence an action while effectively precluded from pleading the necessary elements of his case" (*Roldan v Allstate Ins. Co.*, 149 AD2d 20, 33 [1989]). Consequently, the statute of limitations was suspended from the date of the October 2, 2006, order, when the Supreme Court vacated the underlying judgment, until this Court reversed that order in September 2008 (*id.* at 34-35; *cf. Cohan v Misthopoulos*, 118 AD2d at 531). Accordingly, so much of the first and second causes of action as alleged a violation of Debtor and Creditor Law § 273-a were not time-barred.

However, the Supreme Court erred in granting that branch of the plaintiffs' motion which was to dismiss the first affirmative defense based on the statute of limitations as to so much of the third cause of action as alleged a violation of Debtor and Creditor Law § 276 with respect to the allegedly fraudulent conveyances made in 2000 and 2001. "A cause of action based on actual fraud pursuant to Debtor and Creditor Law § 276 must be brought within six years of the date that the fraud or convey-

ance occurs or within two years of the date that the fraud should have been discovered, whichever is longer" (*Liberty Co. v Boyle*, 272 AD2d 380, 381 [2000]; *see Miller v Polow*, 14 AD3d 368, 368 [2005]; *Leone v Sabbatino*, 235 AD2d 460, 461 [1997]). Here, the plaintiffs failed to meet their burden of demonstrating that so much of the third cause of action as alleged a violation of Debtor and Creditor Law § 276 with respect to the conveyances occurring in 2000 and 2001 was timely under the six-year limitations period. We do not reach the plaintiffs' contention that the alleged fraudulent conveyance in 2000 was discovered within two years of the commencement of the instant action, since that contention is improperly raised for the first time on appeal (*see Panteleon v Amaya*, 85 AD3d 993, 995 [2011]).

The Supreme Court erred in denying the unopposed branch of the plaintiffs' motion which was pursuant to CPLR 3211 (b) to dismiss the second affirmative defense, as the plaintiffs established that this affirmative defense was without merit as a matter of law.

Turning to that branch of the plaintiffs' motion which was for summary judgment, the plaintiffs established their prima facie entitlement to judgment as a matter of law on so much of the second cause of action as alleged a violation of Debtor and Creditor Law § 273-a with respect to the conveyance made in 2001 by demonstrating that such conveyance was made without fair consideration by Mayer at a time when that entity was a defendant in the plaintiffs' action for money damages (*see Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC*, 58 AD3d 694, 695 [2009]; *Pascal v Nova Cas. Co.*, 226 AD2d 688, 691 [1996]). In opposition to the plaintiffs' prima facie showing, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on so much of the second cause of action as alleged a violation of Debtor and Creditor Law § 273-a with respect to the allegedly fraudulent conveyance made in 2001.

However, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the second cause of action to the extent it was based on the 2005 conveyance, as the plaintiffs failed to make the requisite showing that the person who made that conveyance was a defendant in an action for money damages (*see* Debtor and Creditor Law § 273-a; *cf. Murin v Estate of Schwalen*, 31 AD3d 1031, 1035 [2006]).

Finally, the Supreme Court should have denied that branch of the plaintiffs' motion which was to disqualify the law firm repre-

senting the defendants, since the plaintiffs failed to demonstrate that the testimony of an attorney with that firm was necessary to their case (*see Light v Light*, 64 AD3d 633, 635 [2009]).

The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination. Prudenti, P.J., Rivera, Austin and Roman, JJ., concur.