■ In the Matter of COMMISSIONERS OF STATE INSURANCE FUND, Appellant, v P.S.G. CONSTRUCTION CO., INC., Respondent.
[937 NYS2d 83]—

Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the petition.

On July 24, 2001, the petitioner, Commissioners of the State Insurance Fund, commenced an action against Bridgeworks of Greater New York, Inc. (hereinafter Bridgeworks), to recover unpaid Workers' Compensation insurance premiums. While that action was pending, Bridgeworks made several loans to P.S.G. Construction Co., Inc. (hereinafter PSG), some of which remain unpaid. On April 24, 2009, the petitioner obtained a judgment against Bridgeworks in the total sum of $1,087,311.44. However, Bridgeworks dissolved on November 4, 2005, and did not satisfy the judgment.

On April 13, 2010, the petitioner commenced this special proceeding to recover from PSG the unpaid balance of the loans made by Bridgeworks. The petitioner maintained that the loans made by Bridgeworks to PSG were fraudulent pursuant to Debtor and Creditor Law § 273-a. The Supreme Court denied the petition on the ground that the proceeding was barred by the six-year statute of limitations applicable to constructive fraud causes of action (*see* CPLR 213 [1]).

Debtor and Creditor Law § 273-a provides: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him [or her], is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

The existence of an "unsatisfied judgment" is an essential element of a cause of action pursuant to Debtor and Creditor Law § 273-a (*Coyle v Lefkowitz*, 89 AD3d 1054, 1056 [2011]; *see*

*Frybergh v Weissman*, 145 AD2d 531, 531 [1988]; *Cohan v Misthopoulos*, 118 AD2d 530 [1986]). Thus, as recently held by this Court in *Coyle v Lefkowitz* 89 AD3d 1054 [2011]), the six-year limitations period for a cause of action pursuant to Debtor and Creditor Law § 273-a (*see* CPLR 213 [1]) begins to run on the date of entry of the judgment (*see Coyle v Lefkowitz*, 89 AD3d 1054 [2011]).

In this case, therefore, the six-year statute of limitations applicable to the petitioner's Debtor and Creditor Law § 273-a cause of action began to run on April 24, 2009, the date of entry of the judgment. As a result, this special proceeding, which was commenced within six years of that date, is timely.

We decline to address the merits of the petition, as they were not ruled upon by the Supreme Court (*see Shister v City of New York*, 309 AD2d 915 [2003]; *Pepe v Tannenbaum*, 262 AD2d 381, 383 [1999]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for further proceedings on the petition. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur. **[Prior Case History: 29 Misc 3d 518.]**