In an action, inter alia, to set aside certain conveyances as fraudulent pursuant to Debtor and Creditor Law §§ 273, 273-a, and 276, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered November 28, 2011, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first, second, third, fourth, fifth, sixth, ninth, and tenth causes of action, and pursuant to CPLR 3211 (a) (7) to dismiss the eighth cause of action.
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5) to dismiss the third, fourth, fifth, and sixth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
*949 To dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see DeStaso v Condon Resnick, LLP, 90 AD3d 809, 812 [2011]). “A cause of action based upon actual fraud under Debtor and Creditor Law § 276 must be brought within six years of the date that the fraud or conveyance occurs, or within two years of the date the fraud should have been discovered, whichever is longer” (Ehrler v Cataffo, 42 AD3d 424, 425 [2007]). Here, it is undisputed that the verified complaint did not allege the occurrence of any fraudulent conveyances within six years prior to the commencement of the action. However, since it is unclear when the plaintiff should have first been aware of the alleged fraud, the defendants failed to establish that the causes of action alleging actual fraud under Debtor and Creditor Law § 276 should be dismissed as time-barred (see Pericon v Ruck, 56 AD3d 635, 636-637 [2008]; Mitschele v Schultz, 36 AD3d 249, 255-256 [2006]). Therefore, the Supreme Court erred in granting those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5) to dismiss the fifth and sixth causes of action, which seek to set aside certain conveyances as fraudulent pursuant to Debtor and Creditor Law § 276.
Further, the defendants failed to meet their prima facie burden of establishing that the third and fourth causes of action, which seek to set aside certain conveyances as fraudulent pursuant to Debtor and Creditor Law § 273-a, were untimely. The existence of an “unsatisfied judgment” is an essential element of a cause of action pursuant to Debtor and Creditor Law § 273-a (Coyle v Lefkowitz, 89 AD3d 1054, 1056 [2011]; see Matter of Commissioners of State Ins. Fund v P.S.G. Constr. Co., Inc., 91 AD3d 643 [2012]). Thus, the six-year limitations period for a cause of action pursuant to Debtor and Creditor Law § 273-a (see CPLR 213 [1]) begins to run on the date of entry of the judgment (see Matter of Commissioners of State Ins. Fund v P.S.G. Constr. Co., Inc., 91 AD3d at 644; Coyle v Lefkowitz, 89 AD3d at 1056). As alleged in the complaint, the six-year statute of limitations period applicable to the third and fourth causes of action began to run on June 21, 2007, the date of the entry of the underlying judgment. Therefore, since the instant action was commenced within six years of that date, the third and fourth causes of action are timely.
However, a cause of action based upon constructive fraud pursuant to Debtor and Creditor Law § 273 must be commenced within six years after the date that the fraud occurred, irrespec *950 tive of the date of discovery (see Gonik v Israel Discount Bank of N.Y., 80 AD3d 437, 438 [2011]; Baxter v Columbia Univ., 72 AD3d 558, 559 [2010]; Monaco v New York Univ. Med. Ctr., 213 AD2d 167, 168 [1995]; Arrathoon v East N.Y. Sav. Bank, 169 AD2d 804 [1991]). Thus, the Supreme Court properly granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (5)'to dismiss the first and second causes of action, which seek to set aside certain conveyances as fraudulent pursuant to Debtor and Creditor Law § 273.
The plaintiff’s remaining contentions are without merit. Leventhal, J.P, Hall, Roman and Sgroi, JJ., concur. [Prior Case History: 2011 NY Slip Op 33110(U).]