Billiard Balls Mgt., LLC v Mintzer Sarowitz Zeris Ledva & Meyers, LLP (2018 NY Slip Op 00018)





Billiard Balls Mgt., LLC v Mintzer Sarowitz Zeris Ledva & Meyers, LLP


2018 NY Slip Op 00018


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5333 153477/16

[*1]Billiard Balls Management, LLC doing business as Slate, Plaintiff-Respondent,
v
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, Defendant-Appellant.


Kennedys CMK LLP, New York (Sean T. Burns of counsel), for appellant.
Chesney & Nicholas, LLP, Syosset (Stephen V. Morello of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered November 7, 2016, which denied defendant's motion to dismiss this legal malpractice action for failure to state a cause of action and as untimely, unanimously affirmed, with costs.
Plaintiff Billiard Balls Management (Billiard) sufficiently stated a claim for legal malpractice. The record clearly establishes an attorney-client relationship, as defendant entered into two stipulations extending Billiard's time to answer in an underlying personal injury action, which were filed in court, and represented itself as Billiard's attorney (see Cooke v Laidlaw Adams & Peck, 126 AD2d 453, 455 [1st Dept 1987]; compare Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 99 [1st Dept 2008]).
The motion court also properly determined that the action was timely commenced (CPLR 214[6]). Assuming that the malpractice claim accrued on January 11, 2013, when the time to answer the underlying complaint expired, or the earlier date of December 28, 2012, when the insurer disclaimed coverage, Billiard was prevented from exercising any legal remedy by virtue of the underlying motion court's order, which denied the underlying plaintiff's motion for a default judgment against Billiard, until that order was subsequently reversed by the Second Department in September 2015 (Gershman v Ahmad, 131 AD3d 1104 [2d Dept 2015]; see Coyle v Lefkowitz, 89 AD3d 1054, 1056 [2d Dept 2011]; Brown v State of New York, 250 AD2d 314, 319 [3d Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK